■ JAMAICA TOBACCO & SALES CORP., Appellant, v. GEORGE J. SIEGEL, Respondent.— In an action on a guarantee, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered March 31, 1972 in favor of defendant, upon the trial court's decision setting aside a jury verdict in favor of plaintiff, as contrary to the weight of the evidence, and directing a verdict in defendant's favor. Judgment reversed, with costs, and jury verdict reinstated. The guarantee agreement called for forbearance, without a definite time period therefor stated. In such case the law requires forbearance for a reasonable time. "What would be a reasonable time, if not always a question of fact, would at least be a mixed question of law and fact, depending for its solution upon the circumstances of each case" (*Traders' Nat. Bank* v. *Parker*, 130 N. Y. 415, 421). Plaintiff had forborne from pressing suit against the debtor corporation for the period between the inception of the guarantee agreement and the telephone call received by plaintiff's secretary-treasurer from defendant five days later, in which call defendant said that control of the debtor-corporation had changed, that the guarantee agreement was no longer in effect and that plaintiff had better take any necessary steps to protect its interest. Plaintiff instituted replevin proceedings against the debtor-corporation as soon thereafter as was possible and received a verdict in the instant action. Defendant's motion for judgment notwithstanding the verdict was granted and plaintiff has appealed, contending that the trial court erred in ruling that five days of forbearance was insufficient consideration under the agreement. We think that plaintiff's verdict was consistent with the facts adduced at the trial. Under the circumstances plaintiff forbore pursuant to its agreement for as long as such forbearance was plausible and presented no undue risk. The change in control of the debtor-corporation and defendant's telephone call purporting to cancel the guarantee agreement presented a new set of facts and altered the circumstances as they were at the formation of the agreement, all of which permitted plaintiff to act to protect its rights. In addition, plaintiff had already acted upon defendant's promise to guarantee the debt of the debtor-corporation to plaintiff's detriment. At such point, defendant should be deemed bound by his promise (*Strong* v. *Sheffield*, 144 N. Y. 392, 394). Munder, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.