■ NATIONAL WESTMINSTER BANK USA, Appellant, v AMNONG ASSOCIATES, et al., Respondents, et al., Defendant.—In an action to recover on a promissory note and personal guarantees, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Burstein, J.), entered January 8, 1986, as denied those branches of its motion which were for partial summary judgment against the defendants Amnong Associates and Wong.

Ordered that the order is affirmed insofar as appealed from, with costs.

By written agreement *(see,* General Obligations Law §§ 5-1103, 15-501) dated June 13, 1983, the defendant Wong agreed to pay the plaintiff, in accordance with a fixed schedule, one half of certain debts, including that which is evidenced by the note sued upon, then totaling $90,877.90, owed by the defendant Amnong Associates and guaranteed by each of the individual defendants. The agreement called for monthly payments in specified amounts "plus interest". In consideration thereof, the plaintiff agreed to "forebear *[sic]*" commencement of "any" legal proceedings against the defendants Amnong Associates and Wong. The June 13, 1983 agreement, apparently drafted by the plaintiff, provides that the plaintiff does not waive "any" rights under the note and the defendant Wong's guarantee. However, it also characterizes the last of the defendant Wong's scheduled payments of a specified sum

"plus interest" as a "final payments *[sic]*". Moreover, the agreement provides that the total $90,877.90 obligation "plus accrued interest * * * from June 8, 1983 * * * shall become due and owing" in the event of default, which is defined as a failure by the defendant Wong to make any of the "aforementioned payments within ten (10) days after written notice" of the default. The plaintiff does not dispute that the defendant Wong made all of the "aforementioned" payments required by the agreement.

The plaintiff correctly asserts that the issue is not whether the plaintiff's forbearance was for a reasonable time *(see, Jamaica Tobacco & Sales Corp. v Siegel,* 40 AD2d 686) but rather is one of interpretation of the June 13, 1983 agreement. We do not however accept the plaintiff's contention that the agreement is clear and unambiguous. Inquiry beyond the four corners of the agreement is necessary to determine whether the parties intended that, upon the defendant Wong's performance, the defendants Amnong Associates and Wong be discharged from any further liability for the debts to which the agreement refers *(see, Madawick Contr. Co. v Travelers Ins. Co.,* 307 NY 111, 119; *cf., Goldbard v Empire State Mut. Life Ins. Co.,* 5 AD2d 230). Therefore, Special Term properly denied summary judgment as against these defendants. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.