■ NORTH FORK BANK, Formerly Known as SOUTHOLD SAVINGS BANK, Respondent, v HAMPTONS MIST MANAGEMENT CORP. et al., Appellants. [639 NYS2d 452]

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho, 39 NY2d 241, 248)*. The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see, CPLR 5501 [a] [1])*.

The plaintiff proved its entitlement to judgment as a matter of law by submitting in support of its motion proof of the promissory note and guaranty, and of the defendants' failure to make the payments provided for by the terms of the note and guaranty *(see, Governor & Co. v Dromoland Castle, 212 AD2d 759; Gateway State Bank v Shangri-La Private Club for Women, 113 AD2d 791, affd 67 NY2d 627; Silber v Muschel, 190 AD2d 727)*. Accordingly, it was incumbent upon the defendants to come forward with proof in admissible form of the existence of triable issues of fact *(see, Gateway State Bank v Shangri-La Private Club for Women, supra)*. However, the defendants' unsubstantiated and conclusory allegations failed to raise triable issues of fact which would have precluded the court from granting the plaintiff's motion *(see, North Fork Bank v Hamptons Mist Mgt. Corp., 225 AD2d 596 [decided herewith]; North Fork Bank v Rosen, 225 AD2d 598 [decided herewith])*.

Moreover, while we agree that it was improper for the Supreme Court to hold that the April 24, 1991, release executed by the defendant Leonard Rosen in favor of the plaintiff served as a defense to all of the defendants' counterclaims *(see, A.F.L. Falck, S.p.A. v Karay Co., 639 F Supp 314, 320)*, the counterclaims were properly dismissed since the defendants failed to raise any triable issue of fact with respect to those counterclaims *(cf., Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175; Alumax Aluminum Corp. v Norstar Bank, 168 AD2d 163)*.

We have examined the defendants' remaining contentions and find them to be without merit. Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.