■ North Fork Bank, Formerly Known as Southold Savings Bank, Respondent, v Hamptons Mist Management Corp. et al., Appellants, et al., Defendants. [639 NYS2d 451] ■

In its motion, *inter alia,* for summary judgment, the plaintiff established its case as a matter of law through the production of the mortgage and the unpaid note. The appellants were then required to assert any defenses which would raise a question of fact about their default on the mortgage *(see, LBV Props. v Greenport Dev. Co.,* 188 AD2d 588; *Metropolitan Distrib. Servs. v DiLascio,* 176 AD2d 312), such as " 'waiver by the mortgagee, or estoppel, or bad faith, fraud, oppressive or unconscionable conduct on the latter's part' " *(Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 183, quoting *Ferlazzo v Riley,* 278 NY 289, 292). In the present case, the appellants' conclusory and unsubstantiated assertions are not supported by competent evidence and are insufficient to defeat the plaintiff's motion *(see, Zuckerman v City of New York,* 49 NY2d 557; *LBV Props. v Greenport Dev. Co., supra; see also, North Fork Bank v Hamptons Mist Mgt. Corp.,* 225 AD2d 595 [decided herewith]; *North Fork Bank v Rosen,* 225 AD2d 598 [decided herewith]).

Moreover, while we agree that it was improper for the Supreme Court to hold that the April 24, 1991, release executed by the defendant Leonard Rosen in favor of the plaintiff served as a defense to all of the appellants' counterclaims *(see, A.F.L. Falck, S.p.A. v Karay Co.,* 639 F Supp 314, 320), the counterclaims were properly dismissed as the appellants failed to raise any triable issues of fact with respect to the counterclaims *(cf., Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, *supra; Alumax Aluminum Corp. v Norstar Bank,* 168 AD2d 163).

We have examined the appellants' remaining contentions and find them to be without merit. Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.