■ STATE BANK OF INDIA et al., Respondents, v TAJ LANKA HOTELS LIMITED, Defendant, and INDIAN HOTELS COMPANY LIMITED, Appellant. [686 NYS2d 44] —Order, Supreme Court, New York County (Charles Ramos, J.), entered March 25, 1998, which denied the motion of defendant Indian Hotels Company to dismiss the complaint for lack of jurisdiction or on the basis of forum non conveniens, unanimously affirmed, with costs.

The motion court properly found that defendant Indian Hotels had consented to the jurisdiction of New York's courts since the guarantees executed by Indian Hotels, in addition to being payable in New York, clearly incorporate the terms of the underlying note which, in turn and with equal clarity, incorporates all of the terms of the Loan Agreement, including its consent to New York jurisdiction clause (*see, Dakota Gasificatiòn Co. v Natural Gas Pipeline Co.,* 964 F2d 732, 735, *cert denied sub nom. Transcontinental Gas Pipeline Corp. v Dakota Gasification Co.,* 506 US 1048; *Massachusetts Bonding & Ins. Co. v Feutz,* 182 F2d 752, 756-757). Further, Indian Hotels not only guaranteed repayment of the subject note, but also that repayment would be made in the manner set forth in the Loan Agreement. The guarantee of the repayment obligation expressly to be performed in New York was sufficient to confer personal jurisdiction upon appellant pursuant to CPLR 302 (a) (1) (*see, Skrabalak v Rock,* 208 AD2d 1100, 1102; *A.I. Trade Fin. v Petra Bank,* 989 F2d 76, 81; *Lone Star Indus. v Chieftain Cement Corp.,* 795 F Supp 87, 89-90).

Given defendants' consent to New York jurisdiction and their admitted default on unconditional instruments for the payment of money only, the motion court properly exercised its discretion in denying the motion to dismiss based on forum

non conveniens (*see*, CPLR 327 [a]; *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479, *cert denied* 469 US 1108). Concur—Nardelli, J. P., Lerner, Mazzarelli and Saxe, JJ.