■ FIRST NATIONWIDE BANK, FSB, Respondent, v ROSALIE O. GOODMAN, Appellant, et al., Defendant. [707 NYS2d 669] —In an action to foreclose a mortgage, the defendant Rosalie Osias Goodman appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated May 21, 1999, as granted that branch of the plaintiff's motion for summary judgment which was to strike the answer insofar as asserted by her.

Ordered that the order is affirmed insofar as appealed from, with costs.

EMC Mortgage Corporation (hereinafter EMC), as the plaintiff's assignee, sustained its initial burden of demonstrating its entitlement to judgment as a matter of law by submitting proof of the existence of the mortgage and the default in payment by the appellant, Rosalie Osias Goodman (see, State of N. Y. Mtge. Agency v Lavin, 249 AD2d 380; Mahopac Natl. Bank v Baisley, 244 AD2d 466). Although Goodman served a joint answer in this action with co-borrower Ella Osias, sum-

mary judgment was granted solely against her in view of Osias' defense of lack of personal jurisdiction.

It is undisputed that Goodman and Osias have failed to make their monthly mortgage payments since February 1, 1991. However, in opposition to the motion for summary judgment, Goodman contended that the plaintiff was precluded from declaring the mortgage in default because there were excess funds in the escrow account. We agree with the Supreme Court that Goodman failed to present evidence sufficient to raise a triable issue of fact as to this claim and failed to demonstrate that she had any viable defenses to the foreclosure action (*see, North Fork Bank v Hamptons Mist Mgt. Corp.*, 225 AD2d 596; *see also, Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 183).

Goodman's contention that there were excess funds in the escrow account was based primarily on the claim that, in 1989, the plaintiff improperly charged the escrow account with $10,000 for two years of hazard insurance coverage which was duplicative of insurance she had purchased for the subject premises. Nevertheless, despite the number of years that have elapsed since the mortgage was declared in default, Goodman has failed to offer any documentary evidence to support her contention that the plaintiff impermissibly charged her for two years of duplicative insurance.

In view of the deficit in the escrow account caused by these insurance charges, the amount remaining in the escrow account at the end of 1990 was insufficient to cure the default in mortgage payments in 1991. Even if Goodman's claim that the taxes assessed against the property in 1990 were approximately $4,000 less than indicated in the accounting of the escrow fund provided by the plaintiff is correct, the amount in the escrow account at the end of 1990 was still insufficient to cure the default. Accordingly, the Supreme Court properly dismissed the defenses and counterclaims in the answer pertaining to Goodman and concluded that her remedy was to apply to the Referee to offset any overpayments to the escrow account against the amount owed on the mortgage (*see, Johnson v Gaughan*, 128 AD2d 756; *Federal Natl. Mtge. Assn. v Connelly*, 84 AD2d 805).

Goodman's contention that the plaintiff failed to comply with a condition precedent set forth in the mortgage is improperly raised for the first time on appeal (*see, First N. Mortgagee Corp. v Yatrakis*, 154 AD2d 433; *see also, Roel Partnership v Amwest Sur. Ins. Co.*, 258 AD2d 780; *Fresh Pond Rd. Assocs. v Estate of Schacht*, 120 AD2d 561). Thompson, J. P., Friedmann, Florio and Smith, JJ., concur.