■ STERLING VISION, INC., Appellant-Respondent, v LARRY JOEL et al., Respondents-Appellants. [719 NYS2d 685] —In an action to recover payment on personal guarantees, brought by motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated February 23, 2000, as denied its motion, and the defendants cross-appeal from so much of the same order as denied their cross motion pursuant to, *inter alia*, CPLR 3211 (a) (4) and 327 to dismiss or, in the alternative, to stay the action.

Ordered that the order is reversed insofar as appealed from, on the law, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in denying their cross motion to dismiss or, in the alternative, to stay the action pursuant to CPLR 3211 (a) (4) (*see, Whitney v Whitney*, 57 NY2d 731). Although shortly before the commencement of this action the defendant Apryl Robinson had instituted a similar action against the plaintiff and the defendant Larry Joel in Kentucky, under the circumstances of this case, New York is the most appropriate forum for resolution of the dispute between the parties (*see, White Light Prods. v On the Scene Prods.*, 231 AD2d 90; *Flintkote Co. v American Mut. Liab. Ins. Co.*, 103 AD2d 501, *affd* 67 NY2d 857).

The plaintiff established its entitlement to judgment as a matter of law on the issue of the defendants' liability under the unconditional guarantees based upon the existence of notes and guarantees, as well as the nonpayment of each according to its terms (*see, Bosio v Selig*, 165 AD2d 822). The guarantees at issue provide, *inter alia*, that the defendants' duties and obligations are "immediate and unconditional." The guarantees of notes payable by Diversified Optical Concepts, Inc., explicitly provide that they are subject to paragraph 1 of the notes, which absolves the defendants of liability for all obligations "accruing

hereunder from and after thirty (30) days prior to said Early Termination Date" as defined in subsection 1 (A) (iii) of the franchise agreement. Subsection 1 (A) (iii) permits early termination of the franchise agreement based on a failure to comply with an oral consulting agreement upon "written notice upon the [plaintiff] of its election to terminate this Agreement." There is no evidence in the record of such written notice from the franchisee to the plaintiff. Accordingly, there are no issues of fact for the Supreme Court's consideration.

The parties' remaining contentions are without merit. Bracken, Acting P. J., Altman, Goldstein and McGinity, JJ., concur.