■ ARNOLD CEGLIA et al., Respondents, v MARINE MIDLAND BANK, Appellant. [745 NYS2d 470] —In an action for a judgment declaring the amount due on a line of credit agreement, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated May 1, 2001, as denied its motion for summary judgment dismissing the complaint and for summary judgment in its favor on its first, second, and fifth counterclaims.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion and substituting therefor a provision granting the motion to the extent of granting partial summary judgment to the appellant on the issue of

liability on the first, second, and fifth counterclaims; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in denying, as premature, the defendant's motion for summary judgment on its first, second, and fifth counterclaims, to recover on a line of credit agreement and guarantee and for the costs of enforcing the agreement and guarantee. The defendant established its entitlement to summary judgment by submitting proof that the plaintiff Sky-Sea Forwarding Corp. (hereinafter Sky-Sea) defaulted on its obligations under the line of credit agreement and that the plaintiff Arnold Ceglia failed to honor his guarantee of Sky-Sea's obligations (*see Governor & Co. of Bank of Ireland v Dromoland Castle,* 212 AD2d 759). In opposition to the motion, the plaintiffs failed to demonstrate the existence of a defense to the counterclaims. However, they did demonstrate the existence of a triable issue of fact as to whether they are entitled to certain offsets. The plaintiffs came forward with evidence that Sky-Sea was charged certain fees in breach of an oral agreement that such fees would not be charged. Contrary to the defendant's contention, the alleged oral agreement does not contradict the terms of its "Rules for Deposit Accounts" which authorize, but do not require, the imposition of such fees. Consequently, there is an issue of fact as to the amount owed by the plaintiffs. However, the Supreme Court should have granted the defendant partial summary judgment on the issue of liability on its first, second, and fifth counterclaims.

In making our determination, we have not considered matter in the plaintiffs' brief which is dehors the record, nor their argument based upon it. Santucci, J.P., Altman, H. Miller and Cozier, JJ., concur.