■ Suffolk County National Bank, Appellant-Respondent, v Columbia Telecommunications Group, Inc., Respondent, and David Giladi, Respondent-Appellant. [832 NYS2d 80]—

In an action to recover the proceeds of several loans, to foreclose on a security agreement, and to recover upon a personal guaranty, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated November 28, 2005, as denied those branches of its motion which were for summary judgment on its causes of action to recover the proceeds of several loans and to foreclose on a security agreement, on the issue of damages on its cause of action to recover upon a personal guaranty, and dismissing the third counterclaim of the defendant Columbia Telecommunications Group, Inc., alleging breach of contract, and the defendant David Giladi cross-appeals from so much of the same order as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on its cause of action to recover upon the personal guaranty.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

With respect to that branch of the plaintiff's motion which was for summary judgment on its cause of action to recover the proceeds of several loans it made to the defendant Columbia

Telecommunications Group, Inc. (hereinafter Columbia), which were personally guaranteed by the defendant David Giladi, the plaintiff demonstrated its entitlement to judgment as a matter of law by establishing the existence of the loans, that Columbia defaulted on its obligations as set forth in the loan documents, and that it had the right to accelerate the repayment of the loans upon Columbia's default (*see Layden v Boccio*, 253 AD2d 540 [1998]; *East N.Y. Sav. Bank v Baccaray*, 214 AD2d 601, 602 [1995]). The burden then shifted to Columbia to raise an issue of fact as to whether it had a defense to the accelerated repayment of the loans (*see Layden v Boccio, supra* at 540; *East N.Y. Sav. Bank v Baccaray, supra* at 602-603). Columbia raised a triable issue of fact by adducing evidence from which it could be found that the plaintiff and Columbia had entered into an oral agreement to modify the loan documents so as to restructure Columbia's debt, and that this agreement, which would effectively preclude the plaintiff from accelerating the repayment of the loans, was enforceable (*see Rose v Spa Realty Assoc.*, 42 NY2d 338, 341 [1977]; *Sarcona v DeGiaimo*, 226 AD2d 1143, 1144 [1996]; *Spodek v Riskin*, 150 AD2d 358, 360 [1989]; *see also Schwartz v Greenberg*, 304 NY 250, 254 [1952]). Accordingly, the Supreme Court correctly denied that branch of the plaintiff's motion.

With respect to that branch of the plaintiff's motion which was for summary judgment on its cause of action to recover upon a personal guaranty made by the defendant David Giladi, the plaintiff demonstrated its entitlement to judgment as a matter of law by establishing that Giladi unconditionally guaranteed the payment of Columbia's loans, that Columbia defaulted on its obligations under the loan documents, and that Giladi defaulted on his obligations under the guaranty (*see Money Store of N.Y. v Kuprianchik*, 240 AD2d 398 [1997]; *Naugatuck Sav. Bank v Gross*, 214 AD2d 549 [1995]; *Key Bank of Long Is. v Munkenbeck*, 162 AD2d 503 [1990]). In opposition to the plaintiff's showing, Giladi failed to raise an issue of fact as to his liability to the plaintiff (*see Executive Bank of Fort Lauderdale, Fla. v Tighe*, 54 NY2d 330, 337 [1981]; *Indianapolis Morris Plan Corp. v Karlen*, 28 NY2d 30, 35 [1971]). However, an issue of fact exists regarding the amount of Giladi's liability since the amount of Columbia's underlying liability to the plaintiff has not been established (*see Desiderio v Devani*, 24 AD3d 495, 497 [2005]). Under these circumstances, the Supreme Court correctly awarded the plaintiff summary judgment as to liability only on its cause of action to recover upon the personal guaranty (*see Ceglia v Marine Midland Bank*, 296 AD2d 473, 474 [2002]).

The parties' remaining contentions are without merit. Miller, J.P., Schmidt, Ritter and Angiolillo, JJ., concur.