■ NORTH FORK BANK, Respondent, v ABC MERCHANT SERVICES, INC., Defendant, and RONALD CHRISTOPHER, Appellant. [853 NYS2d 633]—

The plaintiff demonstrated its entitlement to judgment as a matter of law by establishing that the defendant Ronald Christopher unconditionally guaranteed the payment of the obligations of the defendant ABC Merchant Services, Inc. (hereinafter ABC), arising out of a promissory note which Christopher signed in his capacity as president of ABC, that ABC defaulted on its obligations under the terms of the promissory note, and that Christopher defaulted on his obligations under the terms of the guaranty (*see Suffolk County Natl. Bank v Columbia Telecom. Group, Inc.,* 38 AD3d 644, 645 [2007]; *Silver v Silver,* 17 AD3d 281 [2005]; *Sterling Vision v Joel,* 279 AD2d 568 [2001]; *North Fork Bank v Rosen,* 225 AD2d 598 [1996]; *Bennell Hanover Assoc. v Neilson,* 215 AD2d 710, 711 [1995]; *National Westminster Bank, U.S.A. v Barrier Tech. Corp.,* 131 AD2d 551 [1987]; *Ihmels v Kahn,* 126 AD2d 701 [1987]). In opposition, Christopher's conclusory and unsubstantiated assertions that were inconsistent with the unrefuted documentary evidence failed to raise a triable issue of fact regarding his contentions that the Supreme Court improperly exercised personal jurisdiction over him as a nondomiciliary and that he was fraudulently induced by the plaintiff's representative to sign the personal guaranty (*see State Bank of India v Taj Lanka Hotels,* 259 AD2d

291 [1999]; *O'Brien v O'Brien,* 258 AD2d 446 [1999]; *North Fork Bank v Rosen,* 225 AD2d 598 [1996]; *Drake Am. Corp. v Speakman Co.,* 144 AD2d 529 [1988]). Moreover, since the guaranty, by its terms, was absolute and unconditional regardless of the validity or enforceability of any other obligation, and such recitals were inconsistent with Christopher's claim of fraud and reliance upon oral representations, fraud in the inducement is not a viable defense to enforcement of the guaranty (*see Citibank v Plapinger,* 66 NY2d 90, 93 [1985]; *Korea Exch. Bank v A.A. Trading Co.,* 8 AD3d 344, 345 [2004]; *Sacco v Sutera,* 266 AD2d 446, 447 [1999]).

Christopher's remaining contentions regarding improper service of process and vagueness and ambiguity in a portion of the guaranty are raised for the first time on appeal and are therefore not properly before this Court (*see Lawler v City of Yonkers,* 45 AD3d 813, 813-814 [2007]; *Merchants Bank of N.Y. v Stahl,* 269 AD2d 236 [2000]). Fisher, J.P., Miller, McCarthy and Chambers, JJ., concur.