■ URSTADT BIDDLE PROPERTIES, INC., Respondent, v EXCELSIOR REALTY CORP., Also Known as EXCELSIOR REALTY, INC., Doing Business as PARTY PLUS WAREHOUSE, et al., Appellants. [885 NYS2d 510]—

In an action, inter alia, to recover damages for breach of

contract, the defendants appeal from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), entered October 17, 2007, which, upon an order of the same court entered September 18, 2007, granting the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Thomas Yewdell, and denying their cross motion pursuant to CPLR 3212 (f) to compel discovery, is in favor of the plaintiff and against the defendant Thomas Yewdell in the principal sum of $361,846.30, plus interest in the sum of $83,066.04.

Ordered that the appeal by the defendant Excelsior Realty Corp., also known as Excelsior Realty Inc., doing business as Party Plus Warehouse, is dismissed, as it is not aggrieved by the judgment (see CPLR 5511); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant Thomas Yewdell executed a guaranty of a lease (hereinafter the guaranty) obligating him personally to pay rent, "additional rent," and other charges payable under a lease between the plaintiff and the defendant Excelsior Realty Corp., also known as Excelsior Realty Inc., doing business as Party Plus Warehouse (hereinafter Excelsior), for commercial space located in Ossining, New York (hereinafter the premises). Yewdell was the president of Excelsior, which operated a party goods retail store at the premises.

The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law against Yewdell, based upon the guaranty. The plaintiff demonstrated that Yewdell unconditionally guaranteed the payment of Excelsior's obligations thereunder, and that Yewdell defaulted on his obligations under the guaranty (see North Fork Bank v ABC Merchant Servs., Inc., 49 AD3d 701, 701 [2008]; Suffolk County Natl. Bank v Columbia Telecom. Group, Inc., 38 AD3d 644, 645 [2007]; Sterling Vision v Joel, 279 AD2d 568, 568-569 [2001]; North Fork Bank v Rosen, 225 AD2d 598, 598 [1996]). In opposition to the motion, Yewdell failed to raise a triable issue of fact (see North Fork Bank v ABC Merchant Servs., Inc., 49 AD3d at 701; North Fork Bank v Rosen, 225 AD2d at 598). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against Yewdell.

Furthermore, the cross motion to compel discovery pursuant to CPLR 3212 (f) was properly denied. As relevant here, in order to obtain that relief, Yewdell was required to show that facts essential to his claim of fraudulent inducement existed but could not then be stated (see CPLR 3212 [f]). He failed to make that showing. The elements of a cause of action alleging fraud in the

inducement are representation of a material existing fact, falsity, scienter, reliance, and injury (*see Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 407 [1958]; *Urquhart v Philbor Motors, Inc.*, 9 AD3d 458, 458-459 [2004]). Yewdell's affidavit was insufficient to demonstrate that facts existed establishing his or Excelsior's reliance on the plaintiff's alleged misrepresentations regarding the amount of the real estate taxes which Excelsior would be obligated to pay under the lease. The zoning status of the property and the tax assessment were matters of public record. "Where a party has the means to discover the true nature of the transaction by the exercise of ordinary intelligence, and fails to make use of those means, he cannot claim justifiable reliance on [his opponent's] misrepresentations" (*Stuart Silver Assoc. v Baco Dev. Corp.*, 245 AD2d 96, 98-99 [1997]).

Yewdell's affidavit also was insufficient to demonstrate that facts existed establishing his or Excelsior's reliance on the plaintiff's alleged misrepresentations regarding the amounts of the common area maintenance charges (hereinafter CAM charges) for which Excelsior would be liable under the lease. "Where . . . there is a 'meaningful' conflict between an express provision in a written contract and a prior alleged oral representation, the conflict negates a claim of reasonable reliance upon the oral representation" (*Stone v Schulz*, 231 AD2d 707, 707-708 [1996]; *see Group 88, Inc. v AGA Capital NY, Inc.*, 59 AD3d 493 [2009]; *McMorrow v Dime Sav. Bank of Williamsburgh*, 48 AD3d 646, 648 [2008]; *Old Clinton Corp. v 502 Old Country Rd.*, 5 AD3d 363, 364 [2004]). The lease expressly provided that the plaintiff had the right to make improvements in the common areas of the property, that the CAM charges included "all costs and expenses of every kind and nature incurred by [the plaintiff] in repairing . . . and maintaining the Common Areas and all improvements thereon," and that Excelsior was responsible for its proportionate share of such charges. Therefore, Yewdell's claim that the "initial estimate" of the CAM charges as set forth in the lease constituted a misrepresentation because it materially underestimated such charges is unavailing.

The Supreme Court properly awarded interest on the judgment (*see* CPLR 5003, 5004).

Yewdell's remaining contentions have been rendered academic, are without merit, or are improperly raised for the first time on appeal. Spolzino, J.P., Dillon, Miller and Dickerson, JJ., concur.