■ HSBC Bank USA, National Association, Appellant, v Joseph Laniado et al., Respondents. [897 NYS2d 514]—

In an action to recover on a revolving line of credit agreement and guaranty, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated February 27, 2009, as denied that branch of its renewed motion for summary judgment which was to recover the outstanding principal balance of $45,934.40.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's renewed motion for summary judgment which was to recover the outstanding principal balance of $45,934.40 is granted.

The plaintiff bank made a prima facie showing of entitlement to judgment as a matter of law against the defendants, Joseph Laniado and Regal Bath Fashion, LLC (hereinafter the company), by submitting proof of the underlying credit agreement, Laniado's personal guaranty of the company's obligations under that agreement, and the company's failure to make payment in accordance with the terms of the credit agreement (*see North Fork Bank Corp. v Graphic Forms Assoc., Inc.*, 36 AD3d 676 [2007]; *JPMorgan Chase Bank v Gamut-Mitchell, Inc.*, 27 AD3d 622, 623 [2006]; *Ceglia v Marine Midland Bank*, 296 AD2d 473, 474 [2002]; *see also North Fork Bank v ABC Merchant Servs., Inc.*, 49 AD3d 701 [2008]).

In opposition to the motion, Laniado alleged that he did not intend to make himself personally liable for the company's obligations by signing the credit documents, and that he signed the documents on behalf of the company only after a bank representative assured him that he would not be personally liable. These assertions conflicted with the unambiguous terms of the credit application and incorporated credit agreement which Laniado expressly signed both on behalf of the company and as a guarantor, and thus were insufficient to raise a triable issue of fact as to whether he intended to bind himself individually, or

was fraudulently induced to sign the credit documents (*see Key Equip. Fin. v South Shore Imaging, Inc.*, 69 AD3d 805 [2010]; *North Fork Bank v ABC Merchant Servs., Inc.*, 49 AD3d 701 [2008]; *North Fork Bank Corp. v Graphic Forms Assoc., Inc.*, 36 AD3d at 677; *Korea Exch. Bank v A.A. Trading Co.*, 8 AD3d 344, 345 [2004]; *PNC Capital Recovery v Mechanical Parking Sys.*, 283 AD2d 268, 270-271 [2001]). Furthermore, Laniado acknowledged that the company did not dispute the outstanding principal balance due under the credit agreement. Accordingly, that branch of the plaintiff's renewed motion for summary judgment which was to recover the outstanding principal balance of $45,934.40 should have been granted. Fisher, J.P., Santucci, Eng and Chambers, JJ., concur.