JPMORGAN CHASE BANK, N.A., Respondent, v MANDY BAUER, Appellant. [938 NYS2d 190]—

The defendant, Mandy Bauer, also known as Mandy R. Bauer and Mandy Roffe Bauer, does business under the name Lloyd and Mandy Bauer DDS (hereinafter the dental practice).

The plaintiff bank made a prima facie showing of entitlement to judgment as a matter of law against Bauer by submitting proof of the existence of the underlying credit agreement,

Bauer's personal guaranty of the obligations of the dental practice under that agreement, and the failure of the dental practice to make payment in accordance with the terms of the credit agreement (*see HSBC Bank USA, N.A. v Laniado*, 72 AD3d 645 [2010]; *Wolf v Citibank, N.A.*, 34 AD3d 574, 575 [2006]; *Kensington House Co. v Oram*, 293 AD2d 304, 304-305 [2002]). Bauer failed to raise a triable issue of fact in opposition. "[S]omething more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature," and Bauer's "affidavit was alone inadequate to raise an issue of fact necessitating a trial" (*Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 384 [2004]; *see Seaboard Sur. Co. v Nigro Bros.*, 222 AD2d 574 [1995]).

Bauer waived the defense of lack of standing by failing to raise it in either her answer or in a pre-answer motion to dismiss the complaint (*see CitiMortgage, Inc. v Rosenthal*, 88 AD3d 759 [2011]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 244 [2007]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint.

Bauer's remaining contention is not properly before this Court. Angiolillo, J.P., Florio, Chambers and Hall, JJ., concur.