In an action, inter alia, to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated November 30, 2010, which denied its motion, in effect, pursuant to CFLR 5015 (a) (1) and 317 to vacate an order of the same court dated November 17, 2009, granting the plaintiff’s motion pursuant to CFLR 3215 for leave to enter a default judgment against it.
*1072 Ordered that the order dated November 30, 2010, is affirmed, with costs.
To vacate a default in answering or appearing pursuant to CPLR 5015 (a) (1), a defendant must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; US Bank N.A. v Stewart, 97 AD3d 740 [2012]; People’s United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285 [2012]). Here, the Supreme Court properly concluded that the defendant, a corporation, which seeks to vacate its default in answering or appearing in this action, failed to establish a reasonable excuse for its default. Under the circumstances of this case, the defendant’s failure to keep a current address on file with the Secretary of State did not constitute a reasonable excuse for its failure to appear or answer the complaint (see Castle v Avanti, Ltd., 86 AD3d 531 [2011]; Yellow Book of N.Y., Inc. v Weiss, 44 AD3d 755, 756 [2007]; see generally Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 143 [1986]). Accordingly, the Supreme Court properly denied that branch of the defendant’s motion which was pursuant to CPLR 5015 (a) (1) to vacate its default in answering or appearing (see Matter of Gustave-Francois v Francois, 88 AD3d 881 [2011]; Matter of Proctor-Shields v Shields, 74 AD3d 1347 [2010]).
The defendant also moved to vacate its default pursuant to CPLR 317, which does not require a reasonable excuse for a party’s default (see Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630 [2012]; Wassertheil v Elburg, LLC, 94 AD3d 753 [2012]). Nonetheless, despite having shown that it did not receive actual notice of the summons and complaint (see generally Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 142), the defendant failed to demonstrate the existence of a potentially meritorious defense to the action, as is required under CPLR 317. Specifically, the defendant’s proffered defense to the action, which sought, inter alia, to foreclose a mortgage given to secure a note, both of which were executed by the defendant, was that the terms of the note and the mortgage concerning the payment of principal and the accrual of interest did not reflect the parties’ prior oral agreement in that regard, and were fraudulently inserted into the documents by the drafting attorney before the defendant signed the document. “[Evidence of what may have been agreed orally between the parties prior to the execution of an integrated written instrument cannot be received to vary the terms of the writing” (Braten v Bankers Trust Co., 60 NY2d 155, 162 [1983]; see Gill v Bowne Global Solutions, Inc., 8 AD3d 339, 340 [2004]; Del Vecchio v *1073 Cohen, 288 AD2d 426, 427 [2001]). Therefore, the defendant would not be permitted to submit proof at a trial that, pursuant to the alleged oral agreement, it was not required to make payment on the note, or that it was not liable for any interest accruing, prior to the occurrence of certain conditions, as this agreement was not reflected in the written documents (see Broten v Bankers Trust Co., 60 NY2d at 161-162; M & T Mtge. Corp. v Ethridge, 300 AD2d 286, 287 [2002]; North Fork Bank & Trust Co. v Bernstein & Gershman, 201 AD2d 472, 472-473 [1994]).
Further, the defendant could not potentially establish a fraud defense because a “reading of the simple, straightforward documents] would have readily advised” the defendant’s president, an experienced real estate developer who signed the documents on the defendant’s behalf, of the relevant terms of the note and the mortgage (Morby v Di Siena Assoc., 291 AD2d 604, 605 [2002]). As such, the defendant could not potentially establish the justifiable reliance necessary to prove fraud (see id.; Urstadt Biddle Props., Inc. v Excelsior Realty Corp., 65 AD3d 1135, 1137 [2009]; Cash v Titan Fin. Servs., Inc., 58 AD3d 785, 788 [2009]; Daniel Gale Assoc., v Hillcrest Estates, 283 AD2d 386, 387 [2001]; Sofio v Hughes, 162 AD2d 518, 519 [1990]). Similarly, the defendant could not potentially demonstrate justifiable reliance because “[w]here, as here, there is a ‘meaningful’ conflict between an express provision in a written contract and a prior alleged oral representation, the conflict negates a claim of a reasonable reliance upon the oral representation” (Stone v Schulz, 231 AD2d 707, 707-708 [1996], quoting Bango v Naughton, 184 AD2d 961, 963 [1992]; see Urstadt Biddle Props., Inc. v Excelsior Realty Corp., 65 AD3d at 1137; Old Clinton Corp. v 502 Old Country Rd., 5 AD3d 363 [2004]; Sulaiman Corp. v Asian Am. Food Corp., 285 AD2d 499, 500 [2001]). Accordingly, because the defendant failed to demonstrate the existence of a potentially meritorious defense to the action, it was not entitled to vacatur of its default in appearing or answering, pursuant to CPLR 317.
Therefore, the defendant’s motion, in effect, pursuant to CPLR 5015 (a) (1) and 317 to vacate a prior order granting the plaintiffs motion pursuant to CPLR 3215 for leave to enter a default judgment against it was properly denied. Skelos, J.P, Balkin, Leventhal and Cohen, JJ., concur.