In an action to recover on a revolving line of credit agreement and guaranty, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated February 29, 2012, as denied that branch of its motion which was for summary judgment on so much of the complaint as sought to recover the outstanding principal balance of $135,848.86 against the defendant Moses Goldberger.
*907 Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs motion which was for summary judgment on so much of the complaint as sought to recover the outstanding principal balance of $135,848.86 against the defendant Moses Goldberger is granted.
The plaintiff made a prima facie showing of entitlement to judgment as a matter of law against the defendant Moses Goldberger by submitting proof of the subject underlying credit agreement, Goldberger’s personal guaranty of his company’s obligations under that agreement, and his company’s failure to make payment in accordance with the terms of that agreement (see HSBC Bank USA, NA. v Laniado, 72 AD3d 645 [2010]).
In opposition, Goldberger failed to raise a triable issue of fact. Goldberger’s assertions that he signed the loan documents only in his capacity as president of his company, not in his individual capacity, and that the plaintiff “never notified [him] that [he] was personally guaranteeing any debt the corporate Defendant may be liable for,” conflicted with the unambiguous terms of the credit application and the credit agreement. These assertions were insufficient to raise a triable issue of fact as to whether Goldberger intended to be bound by the agreement in his individual capacity (see HSBC Bank USA, N.A. v Laniado, 72 AD3d at 645-646; Key Equip. Fin. v South Shore Imaging, Inc., 69 AD3d 805 [2010]; North Fork Bank Corp. v Graphic Forms Assoc., Inc., 36 AD3d 676 [2007]).
Accordingly, that branch of the plaintiffs motion which was for summary judgment on so much of the complaint as sought to recover the outstanding principal balance of $135,848.86 against Goldberger should have been granted.
Dillon, J.P, Austin, Sgroi and Cohen, JJ., concur.