■ BENITO R. FERNANDEZ, Appellant, v ROBERT COHEN et al., Respondents. [973 NYS2d 183]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered on or about October 19, 2012, denying the petition for a permanent stay of arbitration, and dismissing the proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs.

This proceeding arose in connection with a merger involving nonparty Emerging Vision, Inc., in which companies owned by the parties were shareholders. The merger was to proceed pursuant, inter alia, to a March 30, 2011 "Contribution Agreement" signed by the parties on behalf of their respective companies. However, the parties disagreed over the number of shares owned by Horizons Investors Corp., one of petitioner's companies. Hence, they attached as an exhibit to the Contribution Agreement a list of shareholders and the numbers of their respective shares, with a note stating, "Shares contributed and Units to be issued to Horizons Investors Corp. to be adjusted per Memorandum of Understanding, dated March 30, 2011, by and among Robert Cohen, Benito R. Fernandez and Harvey Ross." The memorandum of understanding (MOU) set forth Horizons' and Emerging Vision's differing "beliefs" as to the number of shares owned by Horizons, and stated that if the dispute was not resolved by June 20, 2011, it would be submitted to binding arbitration.

We reject petitioner's argument that the six-year statute of limitations on respondents' claims has expired because the justiciable controversy arose on December 31, 2003, when Horizons entered into a "Rescission Agreement" with Emerging Vision. Pursuant to the Rescission Agreement, shares and warrants of

Emerging Vision owned by Horizons were rescinded in exchange for a promissory note. However, Horizons refused to return the previously issued stock certificate so that a new certificate could be issued reflecting the number of shares it owned as a result of the Rescission Agreement. This refusal to return the stock certificate is of no moment. Respondents' claims arose when petitioner refused to enter into the 2011 Contribution Agreement because it reflected what he asserted was an incorrect number of shares for Horizons.

We reject petitioner's disingenuous arguments that the MOU was not signed by all the necessary parties, because he signed his name only and his companies are not expressly named, and that the MOU did not incorporate, amend, supplement, affect or modify either the 2003 Rescission Agreement or the 2011 Contribution Agreement. The Contribution Agreement and the MOU were executed at the same time, by the same parties, and for the same purpose, and therefore are, "in the eye of the law, one instrument" (*BWA Corp. v Alltrans Express U.S.A.*, 112 AD2d 850, 852 [1st Dept 1985]). Concur—Tom, J.P., Saxe, Manzanet-Daniels and Gische, JJ. **[Prior Case History: 37 Misc 3d 1208(A), 2012 NY Slip Op 51939(U).]**