■ Barnaba Realty Group, LLC, Appellant, v Jennifer Solomon et al., Respondents. [994 NYS2d 356]—

In an action to recover on personal guaranties, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Putnam County (Nicolai, J.), dated September 13, 2010, which denied its motion for summary judgment in lieu of complaint.

Ordered that on the Court's own motion, the notice of appeal is deemed to be a notice of appeal by the plaintiff (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605 [2004]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment in lieu of complaint against the defendant Jennifer Solomon, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs payable to the plaintiff by the defendant Jennifer Solomon.

The defendants were the principals of Avalon Farm, LLC (hereinafter Avalon), which leased real property from the plaintiff. The plaintiff subsequently commenced a summary proceeding against Avalon, claiming that Avalon had defaulted under the lease by failing to pay rent. That matter was settled, with Avalon agreeing, inter alia, to the entry of a money judgment in favor of the plaintiff and against it in the amount of $39,000. The plaintiff thereafter commenced this action, by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, to recover on personal guaranties purportedly executed by the defendants. The Supreme Court denied the plaintiff's motion for summary judgment in lieu of complaint.

The plaintiff established its prima facie entitlement to judgment as a matter of law against the defendant Jennifer Solomon by demonstrating that Solomon unconditionally guaranteed the payment of Avalon's obligations, that Avalon defaulted on its obligations under the lease, and that Solomon defaulted on her obligations under the guaranty (see North Fork Bank v ABC Merchant Servs., Inc., 49 AD3d 701 [2008]; Suffolk County Natl. Bank v Columbia Telecom. Group, Inc., 38 AD3d 644, 645 [2007]).

In opposition, Solomon failed to raise a triable issue of fact. The guaranty, by its terms, was absolute and unconditional regardless of "any state of facts," the happening of "any event," or "[a]ny defect or invalidity of the Lease." Since such recitals were inconsistent with Solomon's claims of fraud and reliance upon oral representations, fraud in the inducement is not a viable defense to enforcement of the guaranty (*see Citibank v Plapinger*, 66 NY2d 90, 93 [1985]; *North Fork Bank v ABC Merchant Servs., Inc.*, 49 AD3d at 702).

Further, to the extent that Solomon is entitled to challenge the validity of the lease on the ground of fraud in the inducement in the instant action pursuant to the terms of the settlement of the summary proceeding, Solomon nevertheless failed to raise a triable issue of fact as to whether the lease was fraudulently obtained. While a general merger clause is ineffective to exclude parol evidence of fraud in the inducement, a specific disclaimer defeats any allegation that the contract was executed in reliance upon contrary oral representations (*see DiBuono v Abbey, LLC*, 95 AD3d 1062, 1064 [2012]; *McGowan v Winant Place Assoc.*, 270 AD2d 466, 467 [2000]; *Busch v Mastropierro*, 258 AD2d 492 [1999]; *Taormina v Hibsher*, 215 AD2d 549 [1995]). Here, the lease specifically provided that the plaintiff made no representations, warranties, or promises with respect to the leased property (other than those expressly set forth in the lease), and that Avalon had thoroughly reviewed "the facts, circumstances, and the physical condition of the Building." Those clauses are sufficiently specific to bar Solomon's allegations that Avalon was induced to enter into the lease based upon certain oral misrepresentations (*see DiBuono v Abbey, LLC*, 95 AD3d at 1064; *McGowan v Winant Place Assoc.*, 270 AD2d at 467; *Busch v Mastropierro*, 258 AD2d 492 [1999]; *Taormina v Hibsher*, 215 AD2d 549 [1995]).

Moreover, under the circumstances of this case, a typographical error in the guaranty with respect to the plaintiff's name did not vitiate the plaintiff's right to enforce the agreement (*cf. Didco Urban Renewal Co. v Mann Mgt.*, 224 AD2d 195 [1996]; *Sforza v Health Ins. Plan of Greater N.Y.*, 210 AD2d 214, 215 [1994]).

As to the defendant Gillian Wander, however, the plaintiff failed to meet its prima facie burden. The Guaranty of Lease submitted by the plaintiff states only that the guaranty was made "by Jennifer Solomon." Although the plaintiff submitted a signature page which appears to bear the signature of Wander, there is no indication in the document that this page incorporated or referred to the pages of the guaranty signed by Solo-

mon, and there was no explanation offered by the plaintiff as to how the signature page related to that guaranty. Further, the plaintiff only submitted an acknowledgment of Solomon's signature. Under these circumstances, the plaintiff failed to demonstrate, prima facie, that Wander guaranteed payment of Avalon's obligations.

Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment in lieu of complaint against Wander, but should have granted that branch of the motion which was for summary judgment in lieu of complaint against Solomon. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.