OneWest Bank N.A. v Rey (2019 NY Slip Op 08569)





OneWest Bank N.A. v Rey


2019 NY Slip Op 08569


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-07653
 (Index No. 10203/14)

[*1]OneWest Bank N.A., respondent, 
v
Manuel Rey, appellant, et al., defendants.


R. David Marquez, P.C., Mineola, NY, for appellant.
Windels Marx Lane & Mittendorf, LLP, New York, NY (David Lopez, Sean Monahan, and Robert Malatak of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Manuel Rey appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered April 28, 2016. The order denied that defendant's motion pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him for lack of capacity to sue.
ORDERED that the order is affirmed, with costs.
On March 5, 2010, the defendant Manuel Rey (hereinafter the defendant) borrowed the principal sum of $720,000. The loan was evidenced by a note and secured by a home equity conversion mortgage, also known as a reverse mortgage, encumbering certain real property in Long Beach. In October 2014, the plaintiff commenced this action to foreclose the reverse mortgage, alleging a failure to pay taxes and insurance premiums due with respect to the subject property. In November 2014, the defendant interposed an answer asserting various affirmative defenses and counterclaims.
Approximately 16 months later, the defendant moved pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff lacked the capacity to sue. The motion was based solely upon the alleged failure of the plaintiff's predecessor in interest to comply with section 255(d) of the National Housing Act (Pub L 73-479, tit II, § 255[d], 48 US Stat 1246, as added by Pub L 100-242, tit IV, § 417[a], 101 US Stat 1908, codified at 12 USC § 1715z-20[d]) and 24 CFR 206.41, which require, among other things, that the prospective lender of a reverse mortgage provide the prospective borrower with information regarding preloan counseling, and that the prospective borrower receive such counseling. The Supreme Court denied the defendant's motion, and the defendant appeals.
We agree with the Supreme Court's determination denying the defendant's motion. CPLR 3211(e) provides: "At any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a), and no more than one such motion shall be permitted. Any objection or defense based upon a ground set forth in paragraphs one, three, four, five and six of subdivision (a) is waived unless raised either by such motion or in the responsive pleading." Here, the defendant moved to dismiss the complaint approximately 16 [*2]months after he interposed his answer, and he did not raise the plaintiff's alleged failure to comply with section 255(d) of the National Housing Act and 24 CFR 206.41 in his answer. Therefore, the motion was untimely pursuant to CPLR 3211(e).
In light of our determination, we need not reach the defendant's contention that the Supreme Court erred in finding that his affidavit submitted in support of the motion was inadmissible pursuant to CPLR 2101.
The defendant further contends that the plaintiff failed to comply with a condition precedent set forth in the mortgage, which required the plaintiff to obtain approval of the Secretary of Housing and Urban Development before requiring immediate payment of all sums secured by the reverse mortgage. This contention is improperly raised for the first time on appeal and is not properly before this Court (see Bank of Am., N.A. v Cudjoe, 157 AD3d 653, 654; First Nationwide Bank v Goodman, 272 AD2d 433, 434). Contrary to the defendant's contention, it does not present a pure question of law appearing on the face of the record which could not have been avoided if raised at the proper juncture (see R & B Design Concepts, Inc. v Wegner Constr. Co., Inc., 153 AD3d 864, 864).
The defendant's contention that the plaintiff lacked standing to commence this action, which was not raised in his motion papers before the Supreme Court, is also not properly before this Court.
LEVENTHAL, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court