Metro-Gem Leasing & Funding Corp. v Dancy Auto Group, LLC (2020 NY Slip Op 02638)





Metro-Gem Leasing & Funding Corp. v Dancy Auto Group, LLC


2020 NY Slip Op 02638


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-04132
 (Index No. 606783/15)

[*1]Metro-Gem Leasing & Funding Corp., respondent,
v
Dancy Auto Group, LLC, et al., defendants, John Carey, appellant.


Krantz & Berman, LLP, New York, NY (Larry H. Krantz of counsel), for appellant.
Paul J. Solda, New York, NY, for respondent.



DECISION & ORDER
In an action to recover on a personal guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant John Carey appeals from a judgment of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered February 14, 2018. The judgment, upon an order of the same court entered March 6, 2017, granting the plaintiff's motion for summary judgment in lieu of complaint as against that defendant, inter alia, is in favor of the plaintiff and against that defendant in the principal sum of $3,362,500, together with prejudgment interest in the amount of $1,654,534.25, calculated at the contractual loan default rate of 20% per annum from September 1, 2015.
ORDERED that the judgment is modified, on the law and the facts, by deleting the provisions thereof (1) awarding the plaintiff the principal sum of $3,362,500, and (2) awarding the plaintiff prejudgment interest in the amount of $1,654,534.25, calculated at the contractual loan default rate of 20% per annum from September 1, 2015, and substituting therefor a provision awarding the plaintiff the principal sum of $3,350,116; as so modified, the order is affirmed, without costs or disbursements, the order entered March 6, 2017, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for the calculation of prejudgment interest in accordance herewith, and for the entry of an amended judgment thereafter.
On January 31, 2014, the plaintiff entered into a written comprehensive loan agreement with the defendants Dancy Auto Group, LLC, Dancy Auto Group of Great Neck, LLC, and Macky Dancy (hereinafter collectively the borrowing defendants), which memorialized two previous loans of $1.5 million each, reaffirmed those two loans, and memorialized an additional loan of $1 million. The loans were secured by three separate promissory notes that the defendant Macky Dancy executed on behalf of the defendants Dancy Auto Group, LLC, and Dancy Auto Group of Great Neck, LLC, on that same date. By continuing unconditional guaranties also entered into on that same date, the individual defendants, Macky Dancy, Tyrone Hill, and John Carey, undertook to be jointly and severally responsible for the payment, when due, of any and all indebtedness owed by the borrowing defendants to the plaintiff "now existing or hereafter incurred."
Following a default by the borrowing defendants under the terms of the promissory notes, the plaintiff commenced this action against the borrowing defendants, Hill, and Carey [*2](hereinafter collectively the defendants) by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, seeking to recover, inter alia, damages in the amount of $3,362,500, representing the total outstanding principal due under the loans, plus interest thereon calculated at the contractual loan default rate of 20% per annum. In support of the motion, the plaintiff submitted, among other things, two affidavits of its president, Gary Denner, in which Denner averred, inter alia, that the defendants defaulted on their respective obligations, and acknowledged that the demanded amount of damages should be offset by $12,384, to account for the value of certain repossessed collateral. The defendants, except for Carey, appeared in the action and opposed the plaintiff's motion. The Supreme Court granted the plaintiff's motion, and, after an inquest, entered judgment in favor of the plaintiff and against all of the defendants in the principal sum of $3,350,116.
Thereafter, Carey successfully moved to vacate that judgment as against him, and was permitted to submit opposition to the plaintiff's motion. In an order entered March 6, 2017, the Supreme Court granted the plaintiff's motion and directed the entry of judgment in favor of the plaintiff and against Carey in the amount demanded in the motion, with interest at the contractual loan default rate of 20% per annum from September 1, 2015, together with attorneys' fees, costs, and disbursements. On February 14, 2018, judgment was entered in favor of the plaintiff and against Carey in the principal sum of $3,362,500, together with, inter alia, prejudgment interest calculated at the contractual loan default rate of 20% per annum from September 1, 2015. Carey appeals from the judgment.
We agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment in lieu of complaint. CPLR 3213 provides a means of obtaining an accelerated judgment where a defendant's liability is premised upon an instrument for the payment of money only, such as an unconditional personal guaranty (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492), even though it does not recite a sum certain (see European Am. Bank v Lofrese, 182 AD2d 67, 71). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by proving that Carey unconditionally guaranteed the payment of the borrowing defendants' total indebtedness to the plaintiff, that the borrowing defendants defaulted on their obligations under the promissory notes, and that Carey defaulted on his obligations under the guaranty (see Barnaba Realty Group, LLC v Solomon, 121 AD3d 730, 730; Suffolk County Natl. Bank v Columbia Telecom. Group, Inc., 38 AD3d 644, 645). In opposition to the plaintiff's showing, Carey failed to raise a triable issue of fact as to his liability to the plaintiff.
However, the Supreme Court should not have directed that judgment be entered in the amount of $3,362,500 as originally demanded in the motion, as the record demonstrates that the borrowing defendants' underlying liability to the plaintiff, less the value of repossessed collateral, amounted to $3,350,116. The court thus should have directed the entry of judgment against Carey in the principal sum of $3,350,116. Furthermore, because the contractual loan default rate of interest of 20% per annum governed only until the contract merged in a judgment (see Marine Mgt. v Seco Mgt., 176 AD2d 252, 253, affd 80 NY2d 886; Stull v Feld, 34 AD2d 655, 656), and here the underlying promissory notes merged in the initial judgment against the borrowing defendants entered May 31, 2016, interest on the judgment against Carey should have been calculated at the contractual loan default rate of 20% per annum only from September 1, 2015, to May 31, 2016, and at the statutory rate of interest thereafter (see Marine Mgt. v Seco Mgt., 176 AD2d at 254).
Therefore, we modify the judgment appealed from and the order entered March 6, 2017, accordingly, and remit the matter to the Supreme Court, Nassau County, for the entry of an amended judgment in favor of the plaintiff and against Carey in accordance herewith.
SCHEINKMAN, P.J., MASTRO, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court