Cernich v Athene Holding Ltd. (2020 NY Slip Op 03724)





Cernich v Athene Holding Ltd.


2020 NY Slip Op 03724


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Richter, J.P., Kapnick, Webber, Gesmer, Moulton, JJ.


11736 654688/18

[*1] Stephen Cernich, Plaintiff-Appellant,
v
Athene Holding Ltd., Defendant-Respondent.


Arkin Solbakken LLP, New York (Lisa C. Solbakken of counsel), for appellant.
Friedman Kaplan Seiler & Adelman LLP, New York (Philippe Adler of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered September 25, 2019, which granted defendant's motion pursuant to CPLR 3211(a)(1) and (a)(7) to dismiss the complaint with prejudice, unanimously affirmed, with costs.
The motion court correctly determined as a matter of law that the forum selection clause of the parties' Repurchase Agreement did not apply to their Separation Agreement )see TVT Records v Island Def Jam Music Group, 412 F3d 82 ]2d Cir 2005[, cert denied 548 US 904 [2006]). Contrary to plaintiff's contention, the agreements did not constitute a single, integrated agreement, since the two agreements were not executed for the same purpose and do not concern the same subject matter or arise from the same transaction (see Fernandez v Cohen, 110 AD3d 557, 558 [1st Dept 2013]; Freeford Ltd. v Pendleton, 53 AD3d 32, 39 [1st Dept 2008], lv denied 12 NY3d 702 [2009]). While the parties executed both agreements at the cessation of their relationship, and the agreements refer to each other, they are not interdependent. The Repurchase Agreement memorializes a one-time repurchase transaction. By contrast the Separation Agreement memorializes a discrete, ongoing, and conditional transaction with a different purpose. In particular, in the Separation Agreement plaintiff acknowledged his obligation to comply with certain specified Protective Covenants through April 30, 2017, and defendant agreed to pay him a Bonus Payment if he did so.
Neither agreement provides that the parties intended the forum selection clause of the Repurchase Agreement to be imputed to the Separation Agreement (see Indosuez Intl. Fin. v National Reserve Bank, 98 NY2d 238, 247-248 [2002]; State Bank of India v Taj Lanka Hotels, 259 AD2d 291 [1st Dept 1999]; Kent v Universal Film Mfg. Co., 200 App Div 539, 550 [1st Dept 1922]).
In the absence of a forum selection clause in the relevant agreement, plaintiff's public policy arguments based on this State's strong policy of enforcing forum selection clauses are unavailing. Plaintiff also argues that the motion court's ruling violates public policy by enabling defendant to impose a restrictive covenant on him broader in scope than the covenant to which he agreed. This argument is not properly before us. The court made no findings as to the scope of the Protective Covenants, which are, in any event, not contained in the record on appeal.
Plaintiff's contention that the court erred in dismissing the complaint with prejudice is [*2]unsupported by a proposed amended pleading that would remedy the defects identified by the court.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK