■ WIESLAW WISNIEWSKI, Plaintiff, v KINGS PLAZA SHOPPING CENTER OF FLATBUSH AVENUE, INC., et al., Defendants, and Third-Party Plaintiffs-Respondents, et al., Defendant. ABAX, INC., Third-Party Defendant-Appellant. [719 NYS2d 294] —In an action to recover damages for personal injuries, the third-party defendant appeals from so much of an order of the Supreme Court, Kings County (Belen, J.), entered November 22, 1999, as denied that branch of its motion which was for summary judgment dismissing the first cause of action asserted in the third-party complaint for contractual indemnification, and granted that branch of the cross motion of the defendants third-party plaintiffs which was for summary judgment on that cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the first cause of action asserted in the third-party complaint is granted, that branch of the cross motion which was for summary judgment on the first cause of action asserted in the third-party complaint is denied, and the third-party complaint is dismissed in its entirety.

The plaintiff, an employee of the third-party defendant, Abax, Inc. (hereinafter Abax), was injured while performing asbestos removal work at premises owned by the defendants third-party plaintiffs, Kings Plaza Shopping Center of Flatbush Avenue, Inc., and Kings Plaza Shopping Center of Avenue U, Inc. (hereinafter collectively referred to as Kings Plaza). The plaintiff commenced this action against Kings Plaza, which thereafter commenced a third-party action against Abax seeking, *inter alia,* contractual indemnification for the plaintiff's claims. Abax argued that the agreement between it and Kings Plaza did not provide for such indemnification. Although the Supreme Court otherwise dismissed the third-party complaint, it concluded that Kings Plaza was entitled to contractual indemnification from Abax. We disagree.

In the case *of Hooper Assocs. v AGS Computers* (74 NY2d

487, 491-492), the Court of Appeals stated: "Words in a contract are to be construed to achieve the apparent purpose of the parties * * * This is particularly true with indemnity contracts. When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed * * * The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (*see also, Weissman v Sinorm Deli,* 88 NY2d 437, 447; *Rosado v Proctor & Schwartz,* 106 AD2d 27, *affd* 66 NY2d 21).

The disputed language of the subject agreement is contained in a clause entitled "Defective Work." That clause relates only to Abax's liability to Kings Plaza in the event that Abax's work was defective, or if faulty materials were utilized on the job. The clause does not provide contractual indemnification in favor of Kings Plaza for claims by an Abax employee resulting from injuries sustained during the course of performing work under the contract. Thus, the agreement does not require Abax to indemnify Kings Plaza with respect to the plaintiff's action (*see, Solomon v City of New York,* 111 AD2d 383, *affd* 70 NY2d 675). Accordingly, Abax is entitled to summary judgment dismissing the remaining cause of action asserted in the third-party complaint which is predicated upon contractual indemnification.

In light of our determination, we need not reach the appellant's remaining contentions. Santucci, J. P., Altman, Goldstein and McGinity, JJ., concur.