■ JOHN LIPSHULTZ et al., Plaintiffs, v K & G INDUSTRIES, INC., Respondent, STRESCON INDUSTRIES, INC., Defendant and Third-Party Plaintiff, et al., Defendant. CAR-WIN CONSTRUCTION, INC., Third-Party Defendant-Appellant. [742 NYS2d 90] —In an action to recover damages for personal injuries, etc., the third-party defendant, Car-Win Industries, Inc., appeals from an order of the Supreme Court, Queens County (Posner, J.), dated May 3, 2001, as amended October 25, 2001, which denied its motion for summary judgment dismissing the cross claims of the defendant K & G Industries, Inc., insofar as asserted against it.

Ordered that the order, as amended, is reversed, on the law, the motion is granted, the cross claims of the defendant K & G Industries, Inc., insofar as asserted against the appellant are dismissed, and the cross claims of the defendant K & G Industries, Inc., insofar as asserted against the defendants Strescon Industries, Inc., and Brooklyn Park Deck Repair Company are severed; and it is further,

Ordered that the appellant is awarded one bill of costs payable by the defendant K & G Industries, Inc.

It is uncontroverted that the plaintiffs' injuries did not fall within the definition of "grave injury" as defined by Workers' Compensation Law § 11. Thus, that branch of the motion which was to dismiss the cross claims of the defendant K & G Industries, Inc. (hereinafter K & G), the project's general contractor, for common-law indemnification and/or contribution insofar as asserted against the appellant should have been granted.

The Supreme Court also should have dismissed K & G's cross claims for contractual indemnification and/or contribution insofar as asserted against the appellant. As the Court of Appeals stated in *Hooper Assoc. v AGS Computers* (74 NY2d 487, 491-492): "Words in a contract are to be construed to achieve the apparent purpose of the parties * * * This is particularly true with indemnity contracts. When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed * * * The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances." (*See also Wisniewski v Kings Plaza Shopping Ctr. of Flatbush Ave.*, 279 AD2d 570, 571.) The language

in the contract between the third-party defendant-appellant, Car-Win Industries, Inc. (hereinafter Car-Win), and the defendant Strescon Industries, Inc. (hereinafter Strescon), requires the appellant to indemnify the owner, contractor, and their agents. The indemnification provision, inter alia, specifically refers to the "contractor" (Strescon), but does not refer to the general contractor of the project (K & G). However, where Car-Win and Strescon needed and/or wanted to refer to the general contractor elsewhere in the contract, they specifically did so. The parties easily could have included the general contractor in the contractual provision relating to indemnification and/or contribution, but chose not to do so. Thus, the fact that the general contractor theoretically could be considered as one of the entities entitled to indemnification and/or contribution by virtue of its status as the owner's statutory agent pursuant to Labor Law §§ 240 and 241 is not a sufficient basis to require Car-Win to contractually indemnify it (*see Hooper Assoc. v AGS Computers, supra; Wisniewski v Kings Plaza Shopping Ctr. of Flatbush Ave., supra; Solomon v City of New York,* 111 AD2d 383, 387-388). Santucci, J.P., Florio, Smith and Schmidt, JJ., concur.