■ RHONA SILVER et al., Respondents, v BARRY NEWMAN et al., Appellants, et al., Defendants. KID'S PLANET, LLC, et al., Nonparty Appellants. [993 NYS2d 556]—

In an action, inter alia, to recover damages for breach of contract, fraud, and breach of fiduciary duty, the defendants Barry Newman, United Kirkwood, LLC, Northeast United

Corporation, Fifth Avenue 781 Associates, LLC, and Newco Management Group, LLC, and nonparties Kid's Planet, LLC, and United Stone Industries, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated October 2, 2012, as denied their motion for summary judgment dismissing the complaint insofar as asserted against those defendants and purportedly asserted against the nonparties.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as purportedly asserted against the nonparty-appellants, and substituting therefor a provision denying that branch of the motion as unnecessary; as so modified, the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the motion of the defendants Barry Newman, United Kirkwood, LLC, Northeast United Corporation, Fifth Avenue 781 Associates, LLC, and Newco Management Group, LLC (hereinafter collectively the defendants), made jointly with nonparties Kid's Planet, LLC, and United Stone Industries, LLC, which was for summary judgment dismissing the complaint insofar as asserted against those defendants, because they failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The defendants failed to demonstrate, as a matter of law, that the causes of action asserted against Newman, United Kirkwood, LLC, Northeast United Corporation, and Newco Management Group, LLC, were barred by a general release executed by the plaintiffs (see Cahill v Regan, 5 NY2d 292, 299 [1959]; Huma v Patel, 68 AD3d 821, 822 [2009]).

In addition, the defendants failed to establish that Newman, Fifth Avenue 781 Associates, LLC, and Northeast United Corporation were entitled to judgment as a matter of law dismissing the causes of action relating to an alleged transfer between Newman and the plaintiff Rhona Silver of Silver's shares in the Sherry Netherland cooperative apartment insofar as asserted against them, as their submissions did not eliminate all triable issues of fact with respect to that alleged transfer of shares (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

Moreover, the plaintiffs in this action cannot obtain any relief against the nonparties, since a court has no power to grant relief against an entity not named as a party and not properly summoned before the court (see Weiner v Weiner, 107 AD3d 976,

977 [2013]). Thus, the Supreme Court should have denied that branch of the motion which pertained to the nonparties as unnecessary.

In light of our determination, we need not review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853), or reach the parties' remaining contentions. Mastro, J.P., Austin, Sgroi and Miller, JJ., concur.