Dillon v Peak Envtl., LLC (2020 NY Slip Op 05332)





Dillon v Peak Envtl., LLC


2020 NY Slip Op 05332


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


332 CA 19-00581

[*1]JOHN T. DILLON AND D. TIMOTHY DILLON, PLAINTIFFS-APPELLANTS,
v
PEAK ENVIRONMENTAL, LLC, MARCUS E. O'ROURKE, JR. AND TIMOTHY M. O'ROURKE, DEFENDANTS-RESPONDENTS. 






SAUNDERS KAHLER, LLP, UTICA (MERRITT S. LOCKE OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (DAVID M. KATZ OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered March 8, 2019. The order granted in part defendants' motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking summary judgment dismissing the first cause of action and reinstating that cause of action and as modified the order is affirmed without costs.
Memorandum: Plaintiffs and defendants Marcus E. O'Rourke, Jr. and Timothy M. O'Rourke, who had been equal-interest members of defendant Peak Environmental, LLC (Peak), entered into a liquidation agreement setting conditions and buyout terms to effectuate plaintiffs' withdrawal and disassociation from Peak. Plaintiffs commenced this action alleging in the first cause of action that defendants fraudulently induced them to enter into the liquidation agreement—which included buyout terms allowing for the adjustment of the purchase price for work then in progress—by misrepresenting, among other things, the financial status of certain ongoing projects. Plaintiffs alleged in the fourth cause of action that Peak breached its contractual obligation under the liquidation agreement to indemnify them for payments they were required to make as guarantors of a line of credit obligation on which Peak purportedly defaulted. Plaintiffs appeal from an order that, inter alia, granted those parts of defendants' motion for summary judgment dismissing the first and fourth causes of action.
We reject plaintiffs' contention that Supreme Court erred in granting that part of the motion for summary judgment dismissing the fourth cause of action, seeking contractual indemnification against Peak. Peak established as a matter of law that the indemnification provisions of the liquidation agreement did not apply to plaintiffs' preexisting obligation as guarantors of the line of credit, and plaintiffs failed to raise a triable issue of fact in opposition (see Wisniewski v Kings Plaza Shopping Ctr. of Flatbush Ave., 279 AD2d 570, 571 [2d Dept 2001]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Plaintiffs further contend that the court erred in granting that part of the motion for summary judgment dismissing the first cause of action. Initially, we reject plaintiffs' assertion that alleged misrepresentations made by defendants in a separate letter may serve as a basis for establishing fraudulent inducement in execution of the liquidation agreement. "While a general merger clause is ineffective to exclude parol evidence of fraud in the inducement, a specific disclaimer defeats any allegation that the contract was executed in reliance upon contrary . . . representations" (Barnaba Realty Group, LLC v Solomon, 121 AD3d 730, 731 [2d Dept 2014]; see Danann Realty Corp. v Harris, 5 NY2d 317, 320-321 [1959]). Here, the liquidation agreement specifically provided that the parties made no agreements, warranties, or [*2]representations other than those expressly set forth in the liquidation agreement (see Barnaba Realty Group, LLC, 121 AD3d at 731; Sperry v Papastamos, 195 AD2d 1031, 1033 [4th Dept 1993]).
We agree with plaintiffs, however, that defendants failed to establish as a matter of law that the release in the liquidation agreement barred plaintiffs' claims that defendants made misrepresentations in violation of certain warranties therein. "In construing a general release it is appropriate to look to the controversy being settled and the purpose for which the release was executed[,] . . . [and] a release may not be read to cover matters which the parties did not desire or intend to dispose of" (Bugel v WPS Niagara Props., Inc., 19 AD3d 1081, 1082 [4th Dept 2005] [internal quotation marks omitted]; see Cahill v Regan, 5 NY2d 292, 299 [1959]). Here, although the liquidation agreement contained a general release in which plaintiffs broadly discharged defendants from, inter alia, any claims, liabilities, or obligations, including those known or unknown, and those concealed or hidden, the release provided an exception for "any obligation of [Peak] or the [m]embers established by this [liquidation a]greement." In that regard, the liquidation agreement established an obligation for defendants to make certain true and correct representations and warranties. As relevant here, defendants represented that Peak had no material obligations or liabilities beyond those disclosed in financial statements for the year preceding the liquidation agreement and also represented that there existed no circumstances resulting from transactions effected or events occurring prior to the liquidation agreement that could reasonably be expected to result in any such material obligation or liability beyond those disclosed in the subject financial statements. Plaintiffs' fraudulent inducement cause of action involves allegations that defendants violated those obligations by, among other things, misrepresenting in the subject financial statements the estimated completion levels and projected losses for certain ongoing projects. We therefore conclude that defendants failed to meet their initial burden of establishing, as a matter of law, that the release barred plaintiffs' claims that they were fraudulently induced to enter the liquidation agreement by misrepresentations that defendants made in violation of their obligations thereunder (see Silver v Newman, 121 AD3d 667, 668 [2d Dept 2014]).
Defendants nonetheless contend, as properly raised alternative grounds for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]), that summary judgment dismissing the first cause of action is warranted because the alleged misrepresentations are premised on nonactionable estimates and the record establishes as a matter of law that plaintiffs could not justifiably rely on the alleged misrepresentations. We reject that contention. A claim of fraudulent inducement is viable where, as here, the plaintiffs "allege that [the defendants] knew at the time of the estimate that the [financial cost of a] project would substantially exceed the amount of the estimate, that [the defendants] intentionally misstated the estimate in order to induce [the plaintiffs] to enter into the contract, that [the plaintiffs] relied on the misrepresentation, and that [the plaintiffs] were damaged as a result" (Wright v Selle, 27 AD3d 1065, 1067-1068 [4th Dept 2006]). With respect to justifiable reliance, "[t]he determination of whether a party's reliance is reasonable is always nettlesome because it is so fact-intensive" (Lunal Realty, LLC v DiSanto Realty, LLC, 88 AD3d 661, 665 [2d Dept 2011] [internal quotation marks omitted]; see DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 155 [2010]). Here, defendants' own submissions establish that plaintiffs "made a significant effort to protect themselves against the possibility of false financial statements: they obtained representations and warranties to the effect that nothing in the financials was materially misleading" (DDJ Mgt., LLC, 15 NY3d at 156; cf. Pappas v Tzolis, 20 NY3d 228, 233 [2012], rearg denied 20 NY3d 1075 [2013]), i.e., that Peak had no material liabilities beyond those disclosed in the financial statements and no circumstances existed that could reasonably be expected to result in such a material obligation. Thus, "[i]f plaintiffs can prove the allegations in the complaint, whether they were justified in relying on the warranties they received is a question to be resolved by the trier of fact" (DDJ Mgt., LLC, 15 NY3d at 156; see Lunal Realty, LLC, 88 AD3d at 665). We therefore modify the order by denying that part of defendants' motion seeking summary judgment dismissing the first cause of action and reinstating that cause of action.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court