■ DORIS S. PAYNE, Individually and as President of SMILEY FAMILY ASSOCIATION, et al., Respondents, v PALISADES INTERSTATE PARK COMMISSION et al., Appellants. [611 NYS2d 699] — Mercure, J. Appeal from an order of the Court of Claims (Lyons, J.), entered December 22, 1992, which, *inter alia,* denied the State's motion to dismiss claimants' third cause of action.

In the mid-19th century, claimants' ancestors developed and operated a private resort on property now known as Lake

Minnewaska State Park in Ulster County (hereinafter the property). Ultimately, George H. Smiley & Son, Inc. (hereinafter the corporation) acquired title to the property. In 1958, the corporation entered into two agreements with Alfred Smiley and Ruth Smiley (hereinafter the Smileys), which, among other things, granted the Smileys and the survivor of them lifetime use of a portion of "Wildmere Cottage" and five parcels of land within the property and further provided that "[u]pon the death of the survivor of the Smileys * * * for the period of 99 years the descendants of the Smileys shall as tenants have the right to occupy and use [the same] at the annual rental of $1.00 for each parcel". Between 1971 and 1987, the State, through defendant Palisades Interstate Park Commission, acquired the property, with each partial acquisition specifically subjected to the 1958 grants. Alfred Smiley died in 1975 and Ruth Smiley died in 1988. Shortly thereafter, the State advised claimant Alfred B. Smiley, one of the Smileys' descendants, that it would not recognize the descendants' rights under the 99-year lease.

This claim by the Smileys' descendants, seeking monetary and declaratory relief, ensued. The State moved to dismiss the claim upon the ground that, *inter alia,* the 99-year lease in favor of the Smileys' descendants was void as violative of the Rule Against Perpetuities.* Interpreting the word "descendants" in the agreements to mean "descendants living at the death of the survivor of [the Smileys]", the Court of Claims upheld the validity of the 99-year lease. The State appeals.

It is undisputed that if the Court of Claims did not err in its interpretation of the word "descendants", then the power of alienation was suspended only during, and no interests could vest following the conclusion of, the Smileys' life interests. In that case, the grant of the 99-year lease did not violate the Rule Against Perpetuities. Because we agree with the Court of Claims' interpretation, we affirm. " 'The general rule * * * is well established that, when property at a future date is to pass to a certain class of persons, it will be distributed amongst the persons who compose such class at the date of distribution' " *(Rasquin v Hamersley,* 152 App Div 522, 528, *affd* 208 NY 630, quoting *Gilliam v Guaranty Trust Co.,* 186

---

* The parties are in agreement that the action is controlled by the statutory scheme in effect from 1830 to September 1, 1958, requiring conformity to the "two lives" rule *(see,* 4 Warren's Weed, New York Real Property, Perpetuities and Accumulations, § 1.01 [4th ed]). The same rule applies whether the leasehold is treated as realty *(see,* Real Property Law former § 42) or personalty *(see,* Personal Property Law former § 11).

NY 127, 133), unless the grantor or testator indicates to the contrary. In the absence of any evidence of a contrary intent, the Court of Claims properly took the term "descendants" to mean those in being at the conclusion of the Smileys' life estates.

Further, the Court of Claims properly recognized and acted in accordance with the statutory presumption, applicable in cases where there is any doubt as to the meaning of a grant, that "the creator intended the estate to be valid" (EPTL 9-1.3 [b]; see, Seitz v Faversham, 205 NY 197). "[I]f two possible constructions exist, one of which will permit effect to be given to the whole instrument and the other of which will defeat it in whole or in part, the first construction is to be adopted" (56 NY Jur 2d, Estates, Powers, and Restraints on Alienation, § 415, at 457-458; see, 1 Rasch, New York Law and Practice of Real Property § 9:19, at 164 [2d ed]). In sharp contrast, the State's interpretation of the agreements, as creating interests in favor of descendants born during the 99-year lease, serves to defeat the grant. As a final matter, we are not persuaded that either the agreements' use of the term "descendants" or the length of the lease militates in favor of a finding that remote vesting was intended.

Mikoll, J. P., Crew III, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.

