■ BRONX INTERNATIONAL CABLE, Plaintiff, v METROPOLITAN CONSTRUCTION CORP., Respondent and Third-Party Plaintiff-Respondent. RELIABLE CONSTRUCTION Co. et al., Third-Party Defendants-Appellants. [718 NYS2d 171] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered on or about June 1, 2000, granting the application of defendant and third-party plaintiff Metropolitan Construction Corp. (Metro) for vacatur of the court's prior order, dated July 16, 1999, which severed the third-party action, and directing that the main action be tried with the third-party action, unanimously affirmed, without costs.

The IAS Court had inherent discretionary power to vacate its prior order "for good cause shown, not limited by the CPLR 5015 (a) list" (Siegel, NY Prac § 426, at 693 [3d ed], citing *McMahon v City of New York*, 105 AD2d 101), namely that reconsolidation of the main and third-party actions would be in the furtherance of judicial economy. It is true that Metro did not oppose appellants' severance applications (or take an appeal from the severance order), implicitly conceding appellants' contention that substantial discovery regarding the third-party claim had yet to be completed. But appellants have not maintained that the discovery items since passed along by Metro are deficient in any manner. To the extent that any additional discovery is being sought, it appears that the court and the parties recently have been in the process of resolving outstanding discovery issues. We do not find the third-party defendants' claims of prejudice persuasive. Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.