■ GENERAL BANK, Appellant, v MARK II IMPORTS INC. et al., Respondents. [735 NYS2d 530] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about May 16, 2001, denying plaintiff's motion to vacate that part of the May 10, 2001 order of the referee, which granted defendants' motion to dismiss for failure to present a prima facie case for damages following defendants' default on a promissory note and loan agreement, unanimously reversed, on the law and the facts, with costs, the motion granted, and the matter remanded for a determination as to the amount due to plaintiff.

This case was referred to a referee for a determination of the amount defendants Mark II Imports Inc. (the borrower), and Mark Frankel and Rachel Frankel (the guarantors), owed plaintiff General Bank (the Bank), a California banking corporation, after the IAS court granted the Bank's motion for summary judgment as to liability. The Bank had provided a line of credit of $9,000,000. In its complaint, filed March 2000, the Bank sought $4,909,880.07, plus interest as provided in the loan agreement. The Bank sought $4,809,027.01 in its motion for summary judgment, filed August 21, 2000, which took into account a payment the borrower had made since the commencement of the action. Around the same time, August 31, 2000, the borrower stated in a bankruptcy petition that it owed the Bank $4.1 million. On December 4, 2000, that amount was changed to $4,484,309 in the borrower's schedule of assets and liabilities.

After a four-day trial, on May 10, 2001, the referee granted defendants' motion to dismiss, finding that plaintiff had failed to prove any damages. The IAS court denied plaintiff's motion to vacate the referee's order. We reverse the order of the court and vacate the order of the referee.

The Bank sought to offer into evidence a trial balance report dated March 28, 2001. Richard Voake, the Bank's senior credit officer and a senior vice-president in charge of credit administration, testified that the trial balance report is generated monthly by the Bank's loan accounting system. It shows advances and payments, as well as the outstanding principal and interest due as of the month that it is generated. According to the trial balance report, as of March 28, 2001, the borrower's outstanding principal amount owed was $3,595,110.21, exclusive of interest and fees.

In response to a question by defendants' counsel, Voake attested that the trial balance report reflected that, within the last 60 days, the borrower had submitted a payment of approximately $1.2 million. Plaintiff's counsel also asked Voake to explain certain details of the trial balance.

The referee admitted the trial balance report into evidence. He found, however, that the Bank was not relieved of its responsibility to "present credible evidence," that the trial balance "records, while admissible [were] not credible," and that Voake "did not have sufficient familiarity with the process by which the records were maintained." This constituted an improper evaluation of credibility and weighing of the evidence (*see Jastrzebski v North Shore School Dist.*, 223 AD2d 677, 678, *affd* 88 NY2d 946). The trial balance report, viewed in the light most favorable to the Bank, supports a prima facie case of damages. On its face, the trial balance report shows a current principal outstanding balance on the loan of $3,595,110.21. Voake provided a reasonable explanation for the minor inaccuracies. Defendants did not dispute Voake's testimony that they made a $1.2 million payment toward their debt during the course of trial.

The referee also erred in excluding corporate bank statements which the Bank offered into evidence, on the basis that Voake lacked personal knowledge as to their creation. Under CPLR 4518 (a), Voake's lack of personal knowledge does not affect the admissibility of these business records. The referee did not err, however, in excluding a loan accounting system report which contained written notations and changes made by an unknown person, and thus could not have been made in the regular course of business.

Accordingly, we remand the matter for a determination as to the exact amount of the debt defendants owe plaintiff. Concur—Tom, J.P., Rosenberger, Rubin, Buckley and Marlow, JJ.