■ TOWNHOUSE COMPANY, L.L.C., Appellant, v ANTHONY WILLIAMS, Also Known as ANTHONY G. WILLIAMS, Respondent. [763 NYS2d 560] —Order, Supreme Court, New York County (Jane Solomon, J.), entered February 13, 2002, which granted defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, and upon searching the record, summary judgment granted to plaintiff on the issue of defendant's liability for rent payments under the lease, and the matter remanded for further proceedings.

In April 2000, defendant signed a lease for the rental of a townhouse owned by plaintiff, located at 238 East 67th Street in Manhattan. The lease term commenced on July 1, 2000 and ended on June 30, 2001. The cover letter accompanying the lease sent to defendant for signature advised, "Please note that the delivery of this lease does not constitute an offer to lease the apartment. Neither party will have any rights or obligations with respect to the apartment or the proposed lease until your application has been approved by the landlord and a counter-executed lease has been unconditionally returned to you."

Paragraph (32) of the lease provided that "this Lease once signed by Tenant will not bind Owner in any way unless and until it has been executed by Owner and unconditionally delivered to Tenant. The submission of this Lease to Owner for Owner's signature will constitute a binding offer by the Tenant which cannot be revoked unless Owner fails to execute and deliver the same to Tenant within ten (10) days of Owner's receipt thereof."

In accordance with the instruction letter, defendant signed the lease and returned it with the required payments. Plaintiff mailed a countersigned lease on or about April 24, 2000 to defendant at the address of the leased residence, even though defendant did not yet reside there.

By letter dated July 5, 2000, defendant notified plaintiff that his circumstances had changed and he would therefore not be relocating to New York or moving into the townhouse, but that the monthly rent would be paid until a new tenant for the townhouse was found. In August and September of 2000, pursuant to invoices sent to defendant at his London address, defendant sent plaintiff his rent payments for those two months.

However, by letter dated November 6, 2000, defendant, for the first time, took the position that plaintiff's failure to return a fully executed copy of the lease invalidated the lease, making defendant a month-to-month tenant, who was fully paid up with respect to the townhouse.

We reject defendant's position. Plaintiff's failure to deliver a fully executed copy of the lease agreement to the location of defendant's residence prior to commencement of the lease term does not, in these circumstances, permit the legal conclusion that the parties never entered into a valid lease. Having acknowledged, by letter dated July 5, 2000, the existence and binding nature of the lease agreement, and having paid the rent in August and September of 2000 pursuant to two invoices he received, defendant must be estopped from challenging the enforceability and validity of the lease due to the failure to deliver the countersigned lease to the location at which defendant resided at that time (*cf. Rothschild v Title Guar. & Trust Co.,* 204 NY 458 [1912]). The undisputed facts establish that both parties accepted that the leasehold was, in fact, conveyed, as contemplated in the lease. The lease was binding on the tenant, and he is liable for its breach. Concur—Nardelli, J.P., Saxe, Sullivan and Gonzalez, JJ.