■ U.O.T.S. INC., Appellant, v DEBARON ASSOCIATES LLC, Respondent. [932 NYS2d 468]—

Plaintiff owner, a not-for-profit corporation, entered into a 99-year lease with defendant real estate company in 1989. Pursuant to the terms of the lease, defendant paid $30,000 at the time the lease was executed and was required to pay non-escalating rent in the amount of $175 per month for the full term of the lease in exchange for use and possession of one-third of the ground-floor commercial space (approximately 400 square feet). At the time the lease was executed, plaintiff owed approximately $30,000 in accrued real estate taxes and was seeking to avoid foreclosure. In addition, in 1989, the area where the building is located had a reputation for crime and drug use and property values in the neighborhood were low.

Plaintiff argues that the lease was never authorized by a requisite two-thirds vote of its board of directors (*see* N-PCL 509), and was unconscionable due to the alleged onerous terms, as well as in violation of the rule against perpetuities (*see* EPTL 9-1.1). The lease was entered into by the president of plaintiff's board, and correspondence from one of the president's attorneys indicates that plaintiff had legal representation at the time the lease was executed. Additionally, the record shows that plaintiff retained the initial $30,000 payment, its building was not foreclosed against, plaintiff collected rent from defendant for three years and, thereafter, it knowingly allowed defendant to deposit rent in an escrow account set up in plaintiff's name until the commencement of the instant action in 2009. Plaintiff's board acknowledged its awareness of the lease terms in 1992 and, during the next 17 years, raised only various complaints regarding non-compliance with certain lease provisions, although taking no identifiable action and never arguing that the monthly rent provision, the lengthy lease term, or any other

provisions were unauthorized or unconscionable. Thus, the evidence supports the conclusion that plaintiff's board ratified the lease, or, at the very least, that it is barred from contesting the lease provisions based on the doctrine of laches (*see e.g. Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 219 AD2d 186, 190 [1996], *lv denied* 88 NY2d 808 [1996]).

Plaintiff's argument that the lease violates the rule against perpetuities because there was no measuring life in being designated at the time of the lease's execution and thus, the lease should cease after 21 years, is misplaced. The rule against perpetuities prevents the "vesting" of an estate in another (i.e., alienation) which does not occur within the measuring period. Here, the lease was already "vested" in defendant at its inception, and no provision of the lease attempted to further alienate the land in the future, beyond the initial, finite 99 years. Thus, no provision of the lease suspends the power of alienation longer than the measuring period (*see* EPTL 9-1.1; *see generally Symphony Space v Pergola Props.*, 88 NY2d 466 [1996]; *Payne v Palisades Interstate Park Commn.*, 204 AD2d 787 [1994]). Concur—Andrias, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.