■ Moon 170 Mercer, Inc., Respondent, v Zachary Vella, Appellant. [998 NYS2d 19]—

Order, Supreme Court, New York County (Lawrence K. Marks, J.), entered December 3, 2013, which, to the extent appealed from, granted plaintiff's motion for summary judgment as to liability on its claim to enforce defendant's personal guarantee of a lease, and directed the Clerk to enter judgment in plaintiff's favor in the amount of $414,114.27, unanimously modified, on the law and the facts, to the extent of striking that portion of the order awarding damages, and remanding the matter for discovery and a trial on the issue of damages, and otherwise affirmed, without costs.

Plaintiff landlord demonstrated its prima facie entitlement to summary judgment on the issue of liability by establishing that defendant signed an absolute and unconditional guaranty of a commercial lease, that the tenant was in arrears in payment of base rent and additional rent, and that defendant failed to perform under the guaranty (*see International Plaza Assoc., L.P. v Lacher*, 104 AD3d 578, 579 [1st Dept 2013]). Defendant asserts that plaintiff wrongfully evicted the tenant. However, the

tenant's wrongful eviction claim was asserted in a separate action against plaintiff and its principal, Michael Shah, and has been dismissed. We note that defendant cannot avail himself of the breach of contract and fraud claims asserted by the tenant in that action because they are independent causes of action that may only be asserted by the tenant (*see Walcutt v Clevite Corp.*, 13 NY2d 48, 55-56 [1963]).

Defendant alleges that Shah fraudulently prevented the tenant from raising the necessary monies to pay off its rent arrears and thereby limit his liability under the guaranty. However, the tenant fell into arrears prior to the alleged fraud (*see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro*, 113 AD3d 457, 459-460 [1st Dept 2014]). Moreover, defendant has not asserted that he was directly and personally defrauded by Shah's alleged fraud (*Taylor-Fichter Steel Constr. Co., Inc. v Fidelity & Cas. Co. of N.Y.*, 258 App Div 235, 237 [1st Dept 1939]).

However, since defendant has shown discrepancies in the amounts allegedly owed, including that plaintiff failed to account for the security deposit and conceded that it miscalculated certain items, there is an issue of fact as to the quantum of damages due under the guaranty (*see Eugenia VI Venture Holdings, Ltd. v AMC Invs., LLC*, 35 AD3d 157, 159 [1st Dept 2006]). Accordingly, we remand for discovery on damages and a trial on that issue. The damages trial shall not include the issue of whether plaintiff is entitled to attorney's fees under the guaranty, since the motion court has already denied that relief and plaintiff has not challenged its determination. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Manzanet-Daniels, JJ.