■ MOON 170 MERCER, INC., Respondent, v ZACHARY VELLA, Appellant. MOON 170 MERCER, Respondent-Appellant, v ZACHARY VELLA, Appellant-Respondent. [45 NYS3d 415]—

Orders, Supreme Court, New York County (Barry R. Ostrager, J.), entered May 19, 2016, which denied defendant's motions for summary judgment and for sanctions, and denied plaintiff's motions for summary judgment and for an order of preclusion, unanimously modified, on the law, to grant plaintiff's motion for summary judgment, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of plaintiff and against defendant in the amount of $1,070,682.08, together with interest.

In this action to enforce a guaranty of rent payments pursuant to a commercial lease, plaintiff was previously granted summary judgment on the issue of defendant's liability, and the matter was remanded for discovery and a trial on damages (*Moon 170 Mercer, Inc. v Vella*, 122 AD3d 544 [1st Dept 2014]). Upon remand, the motion court correctly denied defendant's motion for summary judgment limiting his damages to unpaid rent that accrued when the tenant occupied the premises. Defendant argues that the lease never went into effect because its commencement was conditioned on delivery of the board's recognition and attornment agreement and a written copy of the board's waiver of first refusal, which never occurred. Nevertheless, the tenant signed the lease, occupied the premises for years, and made rent payments during that time, thus ratifying the lease terms (*see U.O.T.S. Inc. v DeBaron Assoc. LLC*, 89 AD3d 538 [1st Dept 2011]; *see also Townhouse Co. v Williams*, 307 AD2d 223 [1st Dept 2003]; *Anyang-Kusi v Solomon*, 24 Misc 3d 140[A], 2009 NY Slip Op 51695[U] [App Term, 1st Dept 2009]).

Defendant's argument that the tenant was unlawfully evicted, and that therefore he is liable only for rent accrued until the tenant's eviction, is barred by the doctrine of collateral estoppel. The claim of unlawful eviction was dismissed on the merits in a separate action between the tenant and

plaintiff, and a motion to renew and reargue was denied based on the same purportedly new evidence defendant cites here. Since the unlawful eviction issue was raised in the prior action and decided against the tenant, with whom defendant, as guarantor of the lease, stands in privity, defendant is precluded from relitigating it in this action (*see Buechel v Bain*, 97 NY2d 295, 303 [2001], *cert denied* 535 US 1096 [2002]; *APF 286 Mad LLC v Chittur & Assoc. P.C.*, 132 AD3d 610, 610 [1st Dept 2015], *lv dismissed* 27 NY3d 952 [2016]).

Moreover, defendant's argument is barred by the doctrine of law of the case, since this Court rejected it in the prior appeal, based on the dismissal of the unlawful eviction claim (*see Carmona v Mathisson*, 92 AD3d 492 [1st Dept 2012]).

Defendant also argues that the guaranty is not enforceable because the tenant incorporated itself only after the lease and the guaranty were signed. This Court has already held that the guaranty is enforceable (*Moon 170 Mercer*, 122 AD3d at 544). In any event, the tenant's incorporation did not change the debts and responsibilities that defendant undertook in the guaranty, and therefore did not affect the validity of the guaranty (*see Fehr Bros. v Scheinman*, 121 AD2d 13, 18 [1st Dept 1986]).

The damages calculation spreadsheet on which plaintiff relies in its motion for summary judgment is a ledger maintained in the ordinary course of business (CPLR 4518 [a]), and plaintiff's vice president's affidavit explaining the calculations and the spreadsheet suffices to authenticate the document (*see General Bank v Mark II Imports*, 290 AD2d 240 [1st Dept 2002]).

Plaintiff has corrected the errors we identified in its damages calculations in its prior motion for summary judgment (*Moon 170 Mercer*, 122 AD3d at 545), and defendant does not dispute those calculations or any specific line item. Therefore, plaintiff is entitled to summary judgment on damages (*Matter of Moskowitz v Jorden*, 27 AD3d 305 [1st Dept 2006], *lv dismissed* 7 NY3d 783 [2006]). In light of the foregoing, plaintiff's motion for an order of preclusion is moot.

Defendant's motion for sanctions striking the complaint is based on evidence that plaintiff purportedly withheld, namely, that plaintiff had leased the premises to two companies. However, plaintiff's principal explained that plaintiff's efforts to lease the premises to those companies had failed. There is no evidence that plaintiff hid any profits from those leases or otherwise failed to credit any amounts due towards the damages it seeks from defendant. Nor is there evidence that any

noncompliance in failing to timely disclose additional information relating to those two tenants during discovery was willful, contumacious or in bad faith, warranting the drastic remedy of striking the complaint, and any mere lack of diligence in furnishing certain requested materials is not a ground for dismissal (*see Postel v New York Univ. Hosp.*, 262 AD2d 40, 42 [1st Dept 1999]). Concur—Sweeny, J.P., Renwick, Mazzarelli, Manzanet-Daniels and Feinman, JJ.