Mercer v Vella (2018 NY Slip Op 03230)





Mercer v Vella


2018 NY Slip Op 03230


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Richter, J.P., Gesmer, Singh, Moulton, JJ.


6434 155605/12

[*1]Moon 170 Mercer, Plaintiff-Respondent,
v
Zachary Vella, Defendant-Appellant.


Steven Landy & Associates PLLC, New York (David A. Wolf of counsel), for appellant.
Cordova & Schartzman, LLP, Garden City (Jonathan B. Schartzman of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered February 7, 2017, which denied defendant's motion to vacate a judgment, entered January 23, 2017, against him, in the amount of $1,178,518.62, unanimously affirmed, with costs. The order of this Court, entered November 21, 2017, which stayed enforcement of the aforementioned Supreme Court order pending a determination of this appeal, is vacated.
In this action to enforce a personal guaranty of rent payments pursuant to a commercial lease, plaintiff was previously granted summary judgment on the issue of defendant's liability, and the matter was remanded for discovery and a trial on damages (Moon 170 Mercer, Inc. v Vella, 122 AD3d 544 [1st Dept 2014]). After discovery, plaintiff moved for summary judgment on the amount of damages, and defendant moved for summary judgment limiting his damages to unpaid rent that accrued while the tenant, Mephisto Management LLC (Mephisto), occupied the premises (see Moon 170 Mercer, Inc. v Vella, 146 AD3d 537, 537 [1st Dept 2017], lv denied 29 NY3d 919 [2017]). Defendant also cross-moved for sanctions, arguing that plaintiff withheld that after evicting Mephisto, it had re-leased the premises to two companies, and withheld the related leases in discovery (id. at 538). The Supreme Court denied the motions and cross motion (id. at 537). On appeal, in our decision dated January 12, 2017, we modified the Supreme Court's order to grant plaintiff summary judgment on its damages award, and directed entry of judgment in plaintiff's favor in the amount of approximately $1.1 million, with interest (id. at 537).
In rejecting defendant's arguments seeking sanctions, which were based on plaintiff's withholding that it had leased the premises to two companies, namely Indiefork Hospitality LLC (Indiefork) and Sneakerboy, we noted that Michael Shah, plaintiff's principal, had explained that "plaintiff's efforts to lease the premises to those companies had failed. There is no evidence that plaintiff hid any profits from those leases or otherwise failed to credit any amounts due towards the damages it seeks from defendant" (id. at 538).
Plaintiff explained in his prior motion papers to this Court, which were resubmitted with its opposition papers to the instant motion to vacate the judgment, that plaintiff at one point had sought to open a restaurant and bar in the space, and thus applied for a liquor license, which requires proof that the applicant is entitled to occupy the location covered by the prospective license. Plaintiff then submitted a lease with Indiefork to the State Liquor Authority; however, after realizing the restaurant was not feasible, the deal fell through, and Indiefork never occupied the premises. This Court, citing plaintiff's explanation that efforts to re-lease the premises had fallen through, thus rejected defendant's claim that plaintiff had re-let the premises and failed to credit rental income resulting from any tenancy by Indiefork under the Indiefork lease.
The motion court correctly denied the motion to vacate the judgment based on newly-discovered evidence because it is based on that very same Indiefork lease that was the subject of the prior summary judgment and sanctions motions, and thus, does not constitute newly-discovered evidence (Prote Contr. Co. v Board of Educ. of City of N.Y., 230 AD2d 32, 39 [1st [*2]Dept 1997]).
Moreover, we necessarily resolved the merits of Vella's arguments in the prior appeal (146 AD3d 537), so his arguments are barred by the doctrine of law of the case (Carmona v Mathisson, 92 AD3d 492, 492-493 [1st Dept 2012]; Grossman v Meller, 213 AD2d 221, 224 [1st Dept 1995]; see also Grullon v City of New York, 297 AD2d 261, 265-266 [1st Dept 2002]).
To the extent that defendant argues that terms and conditions since discovered in the paper lease warrant vacatur of the judgment and denial of Moon's summary judgment motion for a damages award, the terms he cites would not have warranted denial of summary judgment, were not material to the court's decision, and thus do not constitute newly-discovered evidence (Prote Contr. Co., 230 AD2d 32, 39).
As the motion was properly denied and judgment has been entered, to the extent this Court, by order dated November 21, 2017, stayed enforcement of the Supreme Court's order denying the motion to vacate the judgment pending a determination of the instant appeal, on the condition that defendant maintain a bond or undertaking in the amount of the judgment plus continuing interest, that stay is now vacated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK