Jones v Madison Plaza Commercial Owners LLC (2019 NY Slip Op 05086)





Jones v Madison Plaza Commercial Owners LLC


2019 NY Slip Op 05086


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


9718 655023/16

[*1]Dawn Jones, et al., Plaintiffs-Appellants,
v
Madison Plaza Commercial Owners LLC, et al., Defendants-Respondents.


The Law Office of Marjory Cajoux, Brooklyn (Marjory Cajoux of counsel), for appellants.
French & Casey, LLP, New York (Susan A. Romano of counsel), for Madison Plaza Commercial Owners LLC, respondent.
Bradley S. Gross, New York, for 1825 Madison Retail, LLC, respondent.



Order, Supreme Court, New York County (Debra James, J.), entered on or about March 14, 2018, which, inter alia, granted defendant 1825 Madison Retail, LLC's motions for summary judgment dismissing the amended complaint and for summary judgment in lieu of complaint as to liability on a counterclaim to enforce a guaranty, unanimously reversed, on the law, and the motions denied.
Plaintiff's failure to redraft the complaint in strict compliance with court's October 18, 2017 order did not prejudice the parties or the court and it was not a basis for dismissal of the pleading (CPLR 3013; see Cole v Mandell Food Stores, Inc., 93 NY2d 34, 40 [1999]). Accordingly, the cause of action for replevin is reinstated against defendant 1825 Madison.
In addition, defendant 1825 Madison was not entitled to expedited CLPR 3213 treatment on its counterclaim for enforcement of the lease guaranty. Although the individual plaintiff's unconditional personal guaranty of the payment of rent, additional rent, and other charges under the lease is an instrument for the payment of money only' within the meaning of CPLR 3213 (see Chase Manhattan Bank, N.A. v Marcovitz, 56 AD2d 763 [1st Dept 1977], lv denied 42 NY2d 807 [1977]), there is a genuine dispute of material fact as to the amount due, if any, under the guaranty because plaintiff has shown discrepancies in the amount allegedly owed by the commercial tenant (Moon 170 Mercer, Inc. v Vella, 122 AD3d 544, 545 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK