Estate of Adler v Cera (2023 NY Slip Op 50540(U))

[*1]

Estate of Adler v Cera

2023 NY Slip Op 50540(U)

Decided on June 5, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 5, 2023
Supreme Court, New York County

Estate of Mimi Adler, Plaintiff,

against
Kenneth B. Cera, in his capacity as trustee of the Nonmarital Trust Attributable to James S. Adler under the Will of Max Adler, Defendant.

Index No. 656363/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 67, 68, 69, 70 were read on this motion for HEARING.
Plaintiff Estate of Mimi Adler (plaintiff) brings this action to recover on an unconditional guaranty. Defendant Kenneth B. Cera, in his capacity as trustee of the Nonmarital Trust Attributable to James S. Adler under the Will of Max Adler (hereinafter, defendant), moves for a "further hearing on damages." For the reasons stated below, the motion is granted in part.
 BACKGROUND
On January 24, 2006, the Nonmarital Trust Attributable to James S. Adler under the Will of Max Adler (the Trust) executed an unconditional guaranty of sums due under a promissory note dated November 15, 2002 (the Note) between Mimi Adler (decedent) and James S. Adler (NY St Cts Elec Filing [NYSCEF] doc no. 5). Under the terms of the guaranty, "the Trust hereby guarantees and becomes surety for the payment of all sums now or in the future coming due or required to be paid under the Note, whether for principal, interest or other amounts, and . . . hereby guarantees that all sums payable under the Note shall be paid in full to Mimi (or her estate) by no later than six (6) months following the date of her death" (id. at 3).
Plaintiff alleges that the original amount due under the Note was $2,337,108 (NYSCEF doc no. 4, Zabel affirmation, ¶ 10). According to plaintiff, as of November 5, 2021, James Adler paid down $140,000 of the principal and $945,233 of accrued interest (id., ¶ 11). Decedent died on March 4, 2021 (id., ¶ 13). Plaintiff asserts that the Trust has failed to make any payments under the guaranty, despite due demand (id., ¶¶ 15-16).
Previously, plaintiff moved, pursuant to CPLR 3213, for summary judgment in lieu of complaint. The preliminary executor of the estate, William D. Zabel, Esq., asserted that the total amount due and outstanding was $3,174,073.62, which included $2,197,108 in principal and $976,965.62 in accrued and unpaid interest (id., ¶ 12).
Defendant opposed the motion and cross-moved for an order transferring this action to Surrogate's Court, New York County. As relevant here, defendant argued that plaintiff miscalculated the amount due under the Note. Defendant argued that certain payments in the amount of $51,450 made by defendant on an insurance policy should have been deducted from the principal amount due on the Note (NYSCEF doc no. 21 at 18). In addition, defendant asserted that the interest rate had been reduced from six percent to five percent, relying on an unsigned document entitled "Amendment to Loan Agreement," allegedly entered into in June 2007, and two documents titled "Consents" that were signed by decedent on October 14, 2008 and February 6, 2009 (NYSCEF doc nos. 15, 16, 17).
By so-ordered transcript dated September 16, 2022, the court, inter alia, granted plaintiff's motion for summary judgment in lieu of complaint (NYSCEF doc no. 26, oral argument tr at 18). The court determined that the "guaranty, as written by its terms, is absolute, unconditional, and irrevocable" and that the "loan has not been repaid and there has been a demand for the payment and [] payment has not been made [under] the guaranty" (id.). The court continued, stating, "[w]ith respect to the guaranty, the rate under the guaranty is 6 percent and could not be modified except in writing and that remains the applicable guaranty. To the extent it was amended, that has nothing to do with obligations under the guaranty there" (id. at 20). The court further ordered "defendant Kenneth B. Cera in his capacity as trustee of the Nonmarital Trust Attributable to James S. Adler under the Will of Max Adler to pay the Estate of Mimi Adler promptly forthwith the sum of $2,197,108, together with interest at a rate of 6 percent per annum commencing from January 24, 2006" (id.). The court directed counsel for plaintiff to present after consulting with defendant a proposed order and judgment encapsulating the court's determination (id.).
Plaintiff submitted a proposed order and judgment on November 2, 2022 (NYSCEF doc no. 30).
On December 5, 2022, a money judgment was entered in the amount of $2,197,108, with interest thereon, at the rate of six percent per annum from January 24, 2006 until the date of judgment, in the amount of $2,224,436.41, together with costs and disbursements as taxed by the Clerk in the amount of $505.00, for a total judgment of $4,422,049.41 (NYSCEF doc no. 63 at 2). 
In an affirmation dated December 8, 2022, counsel for plaintiff wrote to the court, indicating that the interest on the judgment was incorrectly calculated (NYSCEF doc no. 65).[FN1]
Counsel stated that, as of December 8, 2022, a total of $1,025,078 in interest payments had been made, which should be deducted from the accumulated interest on the Note (id.). Counsel indicated that the outstanding principal on the Note was $2,197,108 (id.). Counsel further stated that the outstanding interest on the note as of September 16, 2022 was $973,872.46, and that additional accumulated interest remained to be calculated for the period September 17, 2022 through the date of entry of judgment, which should be offset by additional interest payments paid, totaling $15,969 (id.).
In the present motion, defendant requests a further hearing on damages. Defendant argues that plaintiff concedes that the interest was incorrectly computed but continues to ignore [*2]two principal payments in the amount of $25,000 made on February 28, 2007 and April 4, 2007. According to defendant, plaintiff's own calculation provided to defendant admitted that these payments were made (see NYSCEF doc no. 44). Thus, these payments reduced the principal amount owed and the amount of interest that has accrued.
Defendant further argues that a June 2007 amendment to the loan agreement lowered the interest rate from six percent to five percent per annum (NYSCEF doc no. 39). Defendant contends that a consent dated October 14, 2008, signed by decedent, reduced the interest rate to five per cent per annum, and another consent dated February 6, 2009, signed by decedent, reaffirmed the five percent interest rate (NYSCEF doc nos. 40, 41). According to defendant, plaintiff also acknowledges that defendant has made interest payments of $1,025,078 from July 1, 2007 through December 31, 2022. In light of the above, defendant asserts that there are numerous inaccuracies in plaintiff's computation of the amount owed under the guaranty.
In response, plaintiff argues that defendant is improperly attempting to relitigate the court's prior determination. Plaintiff asserts that defendant has no basis for the court to revisit these issues.

 DISCUSSION
At the outset, to the extent that defendant challenges the interest rate, the court construes defendant's motion as a motion for leave to reargue the court's prior decision.
A motion for leave to reargue, addressed to the sound discretion of the court, may be granted upon a showing that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law (CPLR 2221 [d] [2]; Frenchman v Lynch, 97 AD3d 632, 633 [2d Dept 2012]; William P. Pahl Equip. Corp. v Kassis, 182 AD2d 22, 27 [1st Dept 1992], lv dismissed in part and denied in part 80 NY2d 1005 [1992], rearg denied 81 NY2d 782 [1993]; Foley v Roche, 68 AD2d 558, 567 [1st Dept 1979], appeal denied 56 NY2d 507 [1982]). Reargument is "not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (McGill v Goldman, 261 AD2d 593, 594 [2d Dept 1999]; see also Levi v Utica First Ins. Co., 12 AD3d 256, 258 [1st Dept 2004]).
With respect to the applicable interest rate, defendant's motion for leave to reargue the prior decision is denied. The court considered and rejected defendant's argument that the interest rate had been modified.
Even if the court were to reach the merits, the court finds that it correctly determined that the interest rate was six percent per annum. The guaranty states that "[t]he Trust hereby guarantees and becomes surety for the full payment of all sums now or in the future coming due or required to be paid under the Note, whether for principal, interest or other amounts . . ." and that "James is indebted to Mimi under a Promissory Note (the 'Note') dated November 15, 2002, in the amount of $2,337,108, plus interest at a rate of six percent (6%) per year" (NYSCEF doc no. 5 at 2, 3). The guaranty further states that "[n]o amendment of any provision of this Guaranty shall be effective unless it is in writing and signed by the Trust and Mimi" (id. at 4). The Amendment to Loan Agreement offered by defendant to show that the interest rate had been modified was unexecuted (NYSCEF doc no. 15). Furthermore, the consents offered by defendant were not executed by both parties (NYSCEF doc nos. 16, 17).
However, it appears that the amount awarded to plaintiff in the judgment is incorrect. The court has the inherent discretionary power to vacate its judgments or orders where it appears that substantial justice will be served and injustice will be prevented (see Woodson v Mendon [*3]Leasing Corp., 100 NY2d 62, 68 [2003]; Goldman v Cotter, 10 AD3d 289, 293 [1st Dept 2004]; Bronx Intl. Cable v Metropolitan Constr. Corp., 278 AD2d 131, 132 [1st Dept 2000]). As pointed out by defendant, plaintiff provided a calculation to defendant indicating that two principal payments of $25,000 were made on February 28, 2007 and April 4, 2007, which would reduce the principal amount owed to $2,147,108 (NYSCEF doc no. 69 at 2; NYSCEF doc no. 44 at 1). In response to defendant's motion, plaintiff does not appear to address whether the principal amount was reduced by $50,000 [FN2]
(NYSCEF doc no. 70 at 4 n 1, 5). At the same time, plaintiff admits that the interest on the judgment was incorrectly calculated. In requesting that the court vacate the judgment, plaintiff only submits an attorney's affirmation indicating that a total of $1,025,078 in interest payments have been made as of December 8, 2022 (NYSCEF doc no. 65 at 2). Nevertheless, neither side has offered anything more than unsupported assertions, without any supporting documentary evidence as to any principal or interest payments or when these payments were made.
Given the discrepancies in the amounts allegedly owed, there is an issue of fact as to the quantum of damages due under the guaranty, as to which plaintiff bears the ultimate burden of proof (see Moon 170 Mercer, Inc. v Vella, 122 AD3d 544, 545 [1st Dept 2014]; Eugenia VI Venture Holdings, Ltd. v AMC Invs., LLC, 35 AD3d 157, 159 [1st Dept 2006]). Therefore, the money judgment entered in this action is vacated. The court shall allow the parties the opportunity to pursue discovery solely on the issue of the amount owed under the guaranty (see Eugenia VI Venture Holdings, Ltd., 35 AD3d at 160).
In light of the foregoing, if these discrepancies cannot be resolved in discovery, the amount owed under the guaranty shall be determined at the trial of this action (see Moon 170 Mercer, Inc., 122 AD3d at 545).

 CONCLUSION
Accordingly, it is hereby
ORDERED that the branch of the motion of defendant Kenneth B. Cera, in his capacity as trustee of the Nonmarital Trust Attributable to James S. Adler under the Will of Max Adler, seeking a further hearing on the amount owed under the guaranty dated January 24, 2006 (sequence number 002), is granted to the extent that the parties are directed to conduct discovery solely on the issue of the amount owed under the guaranty; and it is further
ORDERED that the branch of the motion is denied with respect to whether the interest rate was reduced to five percent per annum; and it is further
ORDERED that the money judgment entered on December 5, 2022 is vacated; and it is further
ORDERED that this matter is restored to the calendar of Part 43, and the parties shall appear for a virtual preliminary conference on July 27, 2023, at 11:00 a.m.
Dated: June 5, 2023
Robert R. Reed, J.S.C.

Footnotes

Footnote 1: Counsel's affirmation repeatedly states that plaintiff made these interest payments (NYSCEF doc no. 65 at 2). The court assumes counsel means defendant made these payments.

Footnote 2: These payments appear to be different from the payments of $51,450 towards premiums on a life insurance policy (see NYSCEF doc no. at 21 at 18).