Almark Holding Co., LLC v Abbas (2025 NY Slip Op 04969)

Almark Holding Co., LLC v Abbas

2025 NY Slip Op 04969

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-01388
2023-07533
 (Index No. 611676/21)

[*1]Almark Holding Co., LLC, appellant,
v
Amir Abbas, etc., respondent.

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York, NY (Paul N. Gruber, David B. Rosenberg, and Craig M. Notte of counsel), for appellant.
Joseph, Terracciano & Lynam, LLP, Syosset, NY (James N. Joseph and Janine T. Lynam of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover on a personal guaranty, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), entered January 11, 2023, and (2) an order of the same court entered June 29, 2023. The order entered January 11, 2023, denied the plaintiff's motion, among other things, for summary judgment on the issue of liability. The order entered June 29, 2023, insofar as appealed from, in effect, upon reargument and renewal, adhered to the prior determination in the order entered January 11, 2023, denying the plaintiff's motion, inter alia, for summary judgment on the issue of liability.
ORDERED that the appeal from the order entered January 11, 2023, is dismissed, as that order was superseded by the order entered June 29, 2023, made upon reargument and renewal; and it is further,
ORDERED that the order entered June 29, 2023, is modified, on the law, by deleting the provision thereof, in effect, upon reargument and renewal, adhering to so much of the determination in the order entered January 11, 2023, as denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and substituting therefor a provision, in effect, upon reargument and renewal, vacating that determination in the order entered January 11, 2023, and thereupon granting that branch of the plaintiff's motion; as so modified, the order entered June 29, 2023, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for an inquest to determine the amount of damages, costs, and attorneys' fees owed to the plaintiff pursuant to the personal guaranty; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 1999, the plaintiff's predecessor in interest, Almark Holding Co., entered into a commercial lease with Amore Pizza of New York Corp. (hereinafter Amore) for certain commercial property located in Manhattan. In August 2019, the plaintiff, Amore, and Pizza147NY, LLC (hereinafter the tenant), entered into an agreement extending the term of the lease and assigning the lease from Amore to the tenant (hereinafter the modification). The defendant, Amir Abbas, executed [*2]the modification and signed a personal guaranty of the tenant's payment and performance obligations under the modification.
In September 2021, the plaintiff commenced this action against the defendant, inter alia, to recover on the personal guaranty, alleging, among other things, that the tenant had defaulted under the terms of the lease by failing to pay certain amounts due thereunder. The plaintiff moved, inter alia, for summary judgment on the issue of liability, and the Supreme Court denied the motion, determining that there were issues of fact with regard to the validity of the modification.
By order dated December 15, 2022, in an appeal in a related commercial nonpayment proceeding between the plaintiff and the tenant, the Appellate Term, First Department, held that evidentiary proof submitted by the plaintiff established its entitlement to summary judgment on the issue of liability for unpaid rent under the modification and that, in opposition, the tenant failed to raise any triable issue of fact as to liability or the tenant's affirmative defenses, some of which were identical to the defenses raised by the defendant herein, further noting that it was undisputed that the tenant did not pay any rent for more than one year (see Almark Holdings Co., LLC v Pizza147NY LLC, 77 Misc 3d 130[A] [App Term, 1st Dept]).
In February 2023, the plaintiff moved in this action for leave to reargue and renew its prior motion, inter alia, for summary judgment on the issue of liability. The Supreme Court, in effect, granted the plaintiff leave to reargue and renew and, upon reargument and renewal, adhered to its prior determination denying the plaintiff's motion, among other things, for summary judgment on the issue of liability. The plaintiff appeals.
"A guaranty is a promise to fulfill the obligations of another party, and is subject to the ordinary principles of contract construction" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [internal quotation marks omitted]; see 2402 E. 69th St., LLC v Corbel Installations, Inc., 183 AD3d 859; Encore Nursing Ctr. Partners Ltd. Partnership-85 v Schwartzberg, 172 AD3d 1166, 1167). "Under those principles, 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d at 493, quoting Greenfield v Philles Records, 98 NY2d 562, 569). "Guaranties that contain language obligating the guarantor to payment without recourse to any defenses or counterclaims, i.e., guaranties that are 'absolute and unconditional,' have been consistently upheld by New York courts" (id.; see Browne & Appel, LLC v Lichtschein, 219 AD3d 1297, 1298-1299). "On a motion for summary judgment to enforce a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty" (H.L. Realty, LLC v Edwards, 131 AD3d 573, 574 [internal quotation marks omitted]; see Ashley Young, LLC v Metro Light. Group, Inc., 219 AD3d 677, 678).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that the defendant unconditionally guaranteed the payment of the tenant's obligations under the lease, that the tenant defaulted on its obligations under the lease, and that the defendant defaulted on his obligations under the personal guaranty (see Ashley Young, LLC v Metro Light. Group, Inc., 219 AD3d at 678; Barnaba Realty Group, LLC v Solomon, 121 AD3d 730, 730-731). In opposition, the defendant failed to raise a triable issue of fact (see Barnaba Realty Group, LLC v Solomon, 121 AD3d at 731).
Moreover, even if there were irregularities in the modification, by signing the lease, making rent payments, and occupying the premises for years, the tenant ratified the modification (see Giunta v AG Towers, Inc., 159 AD3d 875; Moon 170 Mercer, Inc. v Vella, 146 AD3d 537; Townhouse Co. v Williams, 307 AD2d 223, 224).
Accordingly, upon, in effect, reargument and renewal, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and we remit the matter to the Supreme Court, Nassau County, for an inquest to determine [*3]the amount of damages, costs, and attorneys' fees owed to the plaintiff pursuant to the personal guaranty.
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court