**Wells Fargo Bank, N.A. v All Respondents for this Special Proceeding**

2026 NY Slip Op 30855(U)

March 5, 2026

Supreme Court, New York County

Docket Number: Index No. 154984/2025

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

------------------------------------------------------------------------------------X

WELLS FARGO BANK, NATIONAL ASSOCIATION,

Plaintiff,

- v -

ALL RESPONDENTS FOR THIS SPECIAL
PROCEEDING,

Defendant.

------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154984/2021 |
| **MOTION DATE** | 10/06/2025 |
| **MOTION SEQ. NO.** | 045 |

**DECISION + ORDER ON
MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 045) 1120, 1121, 1122, 1123, 1124, 1125, 1126, 1127, 1128, 1129, 1130, 1131, 1132, 1133, 1134, 1135, 1136, 1140, 1141

were read on this motion to/for                    MODIFY ORDER/JUDGMENT                    .

Upon the foregoing documents, William Clayton Glidewell's motion to modify or vacate the

Severance Order (hereinafter defined) must be DENIED for at least three reasons.

As discussed below, (i) Mr. Glidewell waived his right to challenge the Severance Order by

failing to timely appear before either the Initial Claims Bar Date or the Second Claims Bar Date,

(ii) Mr. Glidwell can not show any reasonable excuse for his failure to timely oppose the

Severance Order which provides for the treatment at issue, and (iii) granting Mr. Glidewell's

motion would undermine the finality of the Article 77 proceeding and process.

This case was commenced by Wells Fargo in May 2021 seeking judicial instruction under

Article 77 of the CPLR concerning RMBS trusts as to how to address the receipt of previously

deferred principal payments including whether such sums constituted Subsequent Recoveries

under certain Pooling and Servicing Agreement.  On July 19, 2021, the Court signed an order

154984/2021  WELLS FARGO BANK, NATIONAL vs. X
Motion No.  045

Page 1 of 6

[* 1]

(NYSCEF Doc. No. 105; the **July 2021 Order**) to show cause which included a detailed notice program. The July 2021 order **required** that any Interested Person **must** file an answer on or before August 30, 2021 (the **Initial Claims Bar Date**). The July 2021 Order further provided that if an Interested Person failed to appear, the would be:

> … deemed to have waived the right to be heard on the questions presented by the Second Amended Petition or Counter-Petition and from appealing any order, resolution, or judgment issued in this proceeding and shall be forever and finally barred from raising the right to be heard on such questions in this or any other action or proceeding, unless the Court orders otherwise.

(*id.* ¶ 12 [emphases added]). By Affidavit dated August 24, 2021 (NYSCEF Doc. No. 109), the Trustee affirmed that it had taken all steps required pursuant to the Court's required notice program.[1] Many parties appeared in this case and filed answers by the Initial Bar Date including investors in the GPMF 2006-AR3 Trust.[2] Mr. Glidewell however did not.

The Deer Park Parties filed a Counter-Petition in this case. They amended it twice. First, in August 2021. Second, in February 2022 (NYSCEF Doc. Nos. 121, 271). Because of certain issues raised in the Seconded Amended Petition, Wells Fargo moved by order to show cause to provide Interested Parties with a supplemental notice. The supplemental notice provided

---

[1] This included GPMF 2006-AR3 (*see* NYSCEF Doc. No. 119 at 33).

[2] The following parties appeared and filed an Answer: Deer Park Road Management Company, LP; STS Master Fund, Ltd.; Deer Park 1850 Fund, LP; Northern Lights Fund Trust – Deer Park Total Return Credit Fund; One William Street Capital Master Fund, Ltd.; OWS Credit Opportunity I, LLC; Baldr Sherwood Fund Inc.; OWS ABS Master Fund II, LP; 1WS Credit Income Fund; DW Partners LP; Ellington Management Group L.L.C.; Safety National Casualty Corporation; Reliance Standard Life Insurance Company; NAV LLC; Stephen Finkelstein; American General Life Insurance Company; American Home Assurance Company; Commerce and Industry Insurance Company; Lexington Insurance Company; The United States Life Insurance Company in the City of New York; Poetic Holdings 8 LP; Poetic Holdings IX LP; Pacific Investment Management Company LLC; Ambac Assurance Corporation; Tilden Park Investment Master Fund LP; Solula, LLC; La Verdad Holdings, LLC; Axonic Capital LLC; Axonic Funds; Ferry Lane, LLC; and HBK Master Fund L.P. NYSCEF Doc. No. 38; NYSCEF Doc. No. 121; NYSCEF Doc. No. 142; NYSCEF Doc. No. 144; NYSCEF Doc. No. 145; NYSCEF Doc. No. 153; NYSCEF Doc. No. 155; NYSCEF Doc. No. 156; NYSCEF Doc. No. 157; NYSCEF Doc. No. 159; NYSCEF Doc. No. 166; NYSCEF Doc. No. 169. Only Pacific Investment Management Company LLC, Ellington Management Group, L.L.C., and Ambac Assurance Corporation asserted interests in the GPMF 2006-AR3 Trust. NYSCEF Doc. No. 1059 at 4.

154984/2021   **WELLS FARGO BANK, NATIONAL vs. X**                    Page 2 of 6
**Motion No.  045**

Interested Persons with an additional opportunity to appear and be heard. The Court approved the supplemental notice by Order (the **March 2022 Order;** NYSCEF Doc. No. 305) dated March 8, 2022. The March 2022 Order required Interest Parties who wished to appear to file appropriate papers no later than April 8, 2022 (the **Second Claims Bar Date**). As with the July 2021 Order, the March 2022 Order provided that the failure to appear by that date would result in the Interest Person being barred from being heard in the future. By Affidavit dated April 13, 2024, the Trustee detailed its compliance with the supplemental notice program (NYSCEF Doc. No. 321). Although other parties did appear, including 400 Capital Credit Opportunities Master Fund Ltd. and Robert Dechert (NYSCEF Doc. No. 314, 319), Mr. Glidewell did not.[3]

In fact, he did not file anything on the docket until October 6, 2025, approximately three and a half years after the deadline for Interested Persons to appear (April 8, 2022), eight months after the order he seeks to vacate was issued (February 3, 2025), five months after trial on the merits (June 11, 2025), and two months after the Court's post-trial decision (July 21, 2025). Thus, Mr. Glidewell appearance is untimely and pursuant to the Court's prior orders, Mr. Glidewell waived his right to be make the application that he now makes.

On January 31, 2025, after approximately three years and four months of litigation, and before the hearing on the merits took place, the parties filed a proposed order seeking severance (*see* NYSCEF Doc. Nos. 1055-1057). The proposed severance order required the Trustee to (i) treat Deferred Principal Collections as Subsequent Recoveries, (ii) apply the PSAs' write-up provisions to permit all Classes of Certificates, including Senior Certificates with outstanding

---

[3] Pacific Investment Management Company LLC; Ellington Management Group, L.L.C.; and Ambac Assurance Corporation all appeared with respect to the GPMF 2006-AR3 Trust (NYSCEF Doc. No. 1059 at 4).

**154984/2021   WELLS FARGO BANK, NATIONAL vs. X**                                    **Page 3 of 6**
**Motion No.  045**

Realized Losses, to be written up by the amount of any and all Subsequent Recoveries, and (iii) use reasonable best efforts to adjust the Certificates' Current Principal Amounts (NYSCEF Doc. No. 1057 at 5-6). On February 3, 2025, after confirming with the parties that the proposed severance order was unopposed, the Court signed and filed the Severance Order (the **Severance Order**; NYSCEF Doc. No. 1059). On October 6, 2025, eight months after the Severance Order was entered, Mr. Glidewell filed his motion to vacate or modify the Severance Order (NYSCEF Doc. No. 1135).

Pursuant to CPLR 5015(a)(1), an interested person may move to modify or vacate an order or judgment by demonstrating a "reasonable excuse" for his default (Hon. Mark C. Dillon, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C5015:3). The Court also has inherent discretionary power to modify or vacate a prior order "for good cause shown, not limited by the CPLR 5015 (a) list" (*Bronx Intl. Cable v Metropolitan Const. Corp.*, 278 AD2d 131, 132 [1st Dept 2000]).

As discussed above, Mr. Glidewell either actually received, or had access to, notice of this proceeding pursuant to both notice programs. He simply did not appear by either September 3, 2021 Initial Claims Bar Date, or April 8, 2022, the Second Claims Bar Date. He thus waived his right to make the application he now makes. As such, it is DENIED.

To be clear, Mr. Glidewell fails to demonstrate any reasonable excuse for his delay. The Severance Order was posted on the CTSLink website. Mr. Glidewell had access to it. He could have read the Severance Order, but he chose not to. In fact, he admits that he learned of the

154984/2021  WELLS FARGO BANK, NATIONAL vs. X                                    Page 4 of 6
  Motion No.  045

alleged harm months before filing this motion, consulted counsel, and chose to wait until after the merits hearing before seeking relief. Thus, having sat on his hands and chose to read certain information on the CTSLink website but ignored other information (including the Severance Order), he does not have areasonable excuse and his motion must be denied for that reason as well.

In addition, Mr. Glidewell is not correct that the Severance Order must be modified because it provides for a different treatment than the Court's post-trial decision. Severance orders are distinct from any relief that may be ordered with respect to the unsevered portion of the case. In granting the severance motion, the Court expressly noted that the Severance Order was "predicated on the understanding that this resolution shall have no precedential effect or otherwise speak to the proper interpretation of the PSAs such that it would conflict with the holding of *Wells Fargo Bank, N.A. v All Respondents for this Special Proceeding*, 2024 NY Slip Op 02897, 1 (1st Dept May 28, 2024)" (NYSCEF Doc. No. 1058).

Equally importantly, Mr. Glidewell's motion must be denied because of the potential impact on the Article 77 process. Article 77 proceedings are intended to provide a full and final resolution of disputes among trustees and trust beneficiaries. This process requires the Court to have the ability to bind interested parties after appropriate notice and to rely on severance pursuant to CPLR 407 to narrow parties and issues where appropriate. Permitting Mr. Glidewell, who failed to timely appear and strategically waited to assess the outcome of the merits hearing before asserting his position to make this application would undermine the finality of the Article 77

154984/2021  WELLS FARGO BANK, NATIONAL vs. X
Motion No. 045

Page 5 of 6

5 of 6

[* 5]

Process and invite similar strategic behavior. As such, the motion must be DENIED for this reason as well.

Accordingly, it is hereby ORDERED that Mr. Glidewell's motion to modify or vacate the Severance Order is DENIED.

20260305145732AB0RR0KC1EAFAC9A2384CB98E890C349B0E7DA3

| 3/5/2026 | | | | | ANDREW BORROK, J.S.C. | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |

| CHECK ONE: | | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | | GRANTED | X  DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

154984/2021   WELLS FARGO BANK, NATIONAL vs. X
Motion No. 045

Page 6 of 6

6 of 6